1  ERSKINE & TULLEY
   A PROFESSIONAL CORPORATION
2  MICHAEL J. CARROLL (ST. BAR #50246)
   220 Montgomery Street, Suite 303
3  San Francisco, CA  94104
   Telephone:  (415) 392-5431
4  Facsimile:  (415) 392-1978

5  Attorneys for Plaintiffs

6

7

8                 UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11 BOARD OF TRUSTEES OF THE SHEET    )   NO.  C 08 0306 BZ
   METAL WORKERS, et al.,            )
12                                   )
                    Plaintiffs,      )   DECLARATION OF BONNIE
13                                   )   MARAIA IN SUPPORT OF
        vs.                          )   MOTION FOR DEFAULT
14                                   )   JUDGMENT
   C R SCHELLENGER H V A C INC.,     )
15 etc.,                             )
                                     )
16                  Defendant.       )
   _____

17

18        I, Bonnie Maraia, declare:

19        1.   I am employed as a manager by BENESYS, 2610 Crow

20 Canyon Road, San Ramon, CA 94583, administrators of the SHEET METAL

21 WORKERS  HEALTH  CARE  PLAN  OF  NORTHERN  CALIFORNIA,  SHEET  METAL

22 WORKERS PENSION TRUST OF NORTHERN CALIFORNIA, SHEET METAL WORKERS

23 LOCAL 104 VACATION, HOLIDAY SAVINGS PLAN.  In that capacity I am

24 custodian of and am familiar with the books and records of the

25 Trust Funds as they relate to the defendant in this case.  If

26 called as witness, I could testify to all of the following facts

27 from my personal knowledge.

28        2.   Attached to the Carl Sanchez Declaration and marked

Exhibit 1 is a true and correct copy of the collective bargaining agreement executed by the defendant in this case.  Defendant has not denied the execution of this contract, in fact defendant has paid contributions to the Trust Funds as required by the agreement.

3.    Exhibit 1 at Addendum Number 1 to Standard Form of Union Agreement, pages 9-10, requires that the contributions, in order to be received in a timely fashion, be paid to the trust fund by the 20th day of the month in which the contribution is due and in the event contributions are not received in a timely manner liquidated damages will be assessed in an amount equal of ten percent (10%) of the delinquent payment.  Exhibit 1 at Addendum Number 1 to Standard Form of Union Agreement, Item 5. Payments to Funds & Bonding, page 10, incorporates by reference the trust agreements.

4.    Attached hereto as Exhibit 2 is the Sheet Metal Workers Pension Trust of Northern California Agreement and Declaration of Trust and Amendments and procedures which provide for liquidated damages at the rate of 20%, attorneys fees and court costs in the event of suit.  These provisions comply with 29 U.S.C. §1132(g).  Each of the other plaintiff trust funds' Agreements and Declarations of Trust contain identical language.

5.    Every month my office sends to the defendant a preprinted form listing all known covered employees of the defendant, and the fringe benefit contribution rates for each of the funds.  The defendant then completes the reporting form by making corrections, deleting employees who left the company, and adding the names of hired employees.  The defendant then fills out the mathematical portion of the report and totals up all sums due

for that month.  This is the so-called "self reporting method."

6.  Attached hereto and marked Exhibit 3 are computations of the contributions, liquidated damages, and interest owed by the defendant.

7.  All liquidated damages have been computed using the 20% formula as called for in the Trust Agreement, the 1983 collection procedures as amended effective January 1, 1996 by Appendix D.

8.  Attached hereto as Exhibit 4 are true and correct copies of the reporting forms voluntarily completed and submitted to plaintiffs' administrative office by the defendant for the months of October 2007 through January 2008 on Employer No. 318225 and for the months of October through December 2007 on Employer No. 326720.  The amounts of these reports match the contribution column of Exhibit 3.

9.  In addition, interest has been computed on the unpaid contributions at the rate of 15% from the due date of the 20th of the month following the month the work was done to the payment date or to August 13, 2008 if the contributions remain unpaid.  (For example contributions for October 2007 were due on November 20, 2007. Between November 20, 2007 and August 13, 2008 is 266 days.  Interest on the contribution amount of $3,822.64 (for Employer No. 318225) at the rate of 15% is a daily amount of $1.57, which multiplied by 266 days equals the figure of $417.62.)

////

////

////

////

1  ////

2  ////

3  ////

4  ////

5          10.   The following summary of all sums due and owing can

6  be made:

7              Principal

8                  Contributions                    $25,991.54

9                  Liquidated damages               $ 5,758.34

10                 Interest                         $ 2,479.77

11             Costs of Suit                        $   500.00

12             Attorneys Fees                TO BE DETERMINED BY COURT

13

14

15         I declare under penalty of perjury that the foregoing is

16  true and correct.

17         Executed on July 2, 2008 at San Ramon, California.

18

19                                    /s/ Bonnie Maraia

20                                   BONNIE MARAIA

21

22

23

24

25

26

27

28

PERTINENT PORTIONS

Please see pages 7-10 for liquidated damages & interest provision.

Please see pages 12-13 for attorneys fees and court costs provision.



SHEET METAL WORKERS

PENSION TRUST

OF

NORTHERN CALIFORNIA

AGREEMENT

AND

DECLARATION OF TRUST

JULY 1, 1993

SHEET METAL WORKERS PENSION TRUST
OF NORTHERN CALIFORNIA

## OUTLINE OF CONTENTS

I.    INTRODUCTION                                                1

    A.    Name                                               1
    B.    Purpose                                            1
    C.    Benefits                                           1
    D.    Effective Date                                     2
    E.    Standards of Interpretation                        2

II.   DEFINITIONS                                                 3

    A.    Association                                        3
    B.    Contribution Agreement                             4
    C.    Corporate Co-Trustee                               4
    D.    Employer                                           4
    E.    Joint Board of Trustees                            6
    F.    Participant & Beneficiary                          6
    G.    Plan Year                                          6
    H.    Union                                              6

III.  OBLIGATIONS OF EMPLOYERS                                    7

    A.    Payment of Contributions                           7
    B.    Due Date                                           8
    C.    Delinquent Contributions                           8
    D.    Recordkeeping and Audits                           10
        and/or Employer Compliance Tests
    E.    Collection Actions                                 12
    F.    Return of Contributions                            13

i

|     |     |     |     |
|-----|-----|-----|-----|
|     | G.  | Cooperation with Joint Board | 14 |
|     | H.  | Limitation on Liability of Employers | 14 |
| IV. | **FIDUCIARIES** | | 14 |
|     | A.  | General Rules | 14 |
|     | B.  | Fiduciary Standards | 15 |
|     | C.  | Allocation of Fiduciary Responsibilities | 16 |
|     | D.  | Liability of Fiduciaries | 16 |
|     | E.  | Compensation and Expenses | 18 |
|     | F.  | Bonds and Insurance | 18 |
| V.  | **APPOINTMENT AND PROCEDURES OF JOINT BOARD** | | 19 |
|     | A.  | Number of Trustees | 19 |
|     | B.  | Method of Appointment of Union Trustees | 20 |
|     | C.  | Method of Appointment of Employer Trustees | 20 |
|     | D.  | Alternates | 21 |
|     | E.  | Term of Office | 21 |
|     | F.  | Officers | 22 |
|     | G.  | Meetings | 22 |
|     | H.  | Quorum | 22 |
|     | I.  | Method of Voting | 22 |
|     | J.  | Deadlocks and Arbitration | 23 |
|     | K.  | Establishment of Administrative Office | 24 |
|     | L.  | Execution of Instruments | 24 |

| VI. | **AUTHORITY OF JOINT BOARD** | | 25 |
|-----|-----|-----|-----|
|     | A.  | General Authority | 25 |
|     | B.  | Establishment of Plan and Claim Procedures | 26 |
|     | C.  | Records and Reports | 26 |
|     | D.  | Miscellaneous Powers | 27 |
|     | E.  | Limitation on Liability | 32 |
| VII.| **CORPORATE CO-TRUSTEE** | | 34 |
|     | A.  | Appointment | 34 |
|     | B.  | General Powers | 34 |
|     | C.  | Directions from the Joint Board | 35 |
|     | D.  | Records and Reports | 36 |
|     | E.  | Resignation or Removal | 37 |
| VIII.| **FUNDING AND INVESTMENTS** | | 38 |
|     | A.  | Funding and Investment Policies | 38 |
|     | B.  | Funding Policy | 38 |
|     | C.  | Investment Decisions | 43 |
|     | D.  | Investment Standards | 44 |
|     | E.  | General Investment Powers | 44 |
|     | F.  | Specific Investment Powers | 45 |
| IX. | **AMENDMENT AND TERMINATION** | | 48 |
|     | A.  | Amendments | 48 |
|     | B.  | Mandatory Amendments | 49 |
|     | C.  | Termination | 49 |

|   |   | Transfer of Assets to Another |   |
|---|---|---|---|
|   | D. | Benefit Trust | 50 |
|   | E. | Withdrawals by Individual Employers | 50 |
| X. |   | MISCELLANEOUS | 50 |
|   | A. | Employer-Employee Relationship Not Affected | 50 |
|   | B. | Rights and Remedies Limited | 51 |
|   | C. | Rights Not Transferable | 51 |
|   | D. | Payments During Incapacity | 52 |
|   | E. | Governing Law | 52 |
|   | F. | Separability | 52 |
|   | G. | Continued Contributions During Strike | 53 |
|   | H. | Cooperation With Other Trusts | 53 |
|   | I. | Number and Gender of Words | 54 |

iv

SHEET METAL WORKERS PENSION TRUST
OF NORTHERN CALIFORNIA

## I. INTRODUCTION

A. Name. The official name of the Trust created hereby, which is generally referred to hereafter as the 'Trust', is: SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA. It was originally established December 23, 1958.

B. Purpose. It is the purpose of this Trust to use and invest the contributions received by it for the exclusive purpose of providing benefits to Participants and their Beneficiaries and defraying reasonable expenses of administration. This purpose shall be accomplished in accordance with all applicable laws, including the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

The Trust shall be irrevocable (although it may be terminated as hereafter provided) and no part of its corpus or income shall ever revert to or inure to the benefit of any contributing employer except for the return of erroneous contributions as provided hereafter.

C. Benefits. The type of benefits which may be provided, which are referred to hereafter as the "benefits," are pension benefits and other benefits incidental thereto.

-1-

The specific benefits from time to time provided, and the eligibility requirements therefore, are set forth in one or more documents entitled "SHEET METAL WORKERS PENSION PLAN OF NORTHERN CALIFORNIA" referred to hereafter as the "Plan". The Plan may include more than one set of benefits and eligibility rules to take account of different contribution rates or other pertinent factors. The Plan, as amended from time to time, is incorporated herein by reference and is a part of this Trust Agreement.

D. **Effective Date.** The Trust Agreement, which is restated in its entirety, is effective July 1, 1993.

E. **Standards of Interpretation.** This Trust Agreement and any Plan established thereunder are designed and intended to comply with ERISA as amended, and such construction shall be adopted as is consistent with the laws of the United States as they may, from time to time, be amended. The Trustees are vested with the power to interpret this Trust Agreement and any Plan established thereunder, and their interpretation, if not in conflict with the plain meaning of this Trust Agreement and any Plan established thereunder, and any applicable law or government regulation, shall be final and conclusive.

The Board of Trustees and any entity or person approved by the Board, shall have the full discretionary authority to determine eligibility for benefits and to construe the terms of the Trust and

-2-

any health care or vacation plan, and any regulations, policies or rules issued thereunder.

If the Trustees determine or are advised that regulations, rulings, or court action may determine issues or disputes, the Trustees may defer action for a reasonable period of time in making a determination hereunder or until such time as they can determine what is proper determination of that issue.

## II. DEFINITIONS

Where the following words and phrases appear in this Trust Agreement, they shall have the meaning set forth in this article, unless the context clearly indicates otherwise. Other words and phrases with special meanings are defined where they first appear unless their meaning is apparent from the context.

A. "**Association**" means each of the following: SHEET METAL AND AIR CONDITIONING CONTRACTORS NATIONAL ASSOCIATION, SAN FRANCISCO; SHEET METAL AND AIR CONDITIONING CONTRACTORS NATIONAL ASSOCIATION, GREATER OAKLAND AREA; SHEET METAL AND AIR CONDITIONING CONTRACTORS NATIONAL ASSOCIATION REDWOOD EMPIRE CHAPTER; SHEET METAL AND AIR CONDITIONING CONTRACTORS NATIONAL ASSOCIATION, SAN MATEO CHAPTER; SHEET METAL AND AIR CONDITIONING CONTRACTORS NATIONAL ASSOCIATION,

-3-

SACRAMENTO VALLEY CHAPTER; SHEET METAL AND AIR CONDITIONING CONTRACTORS NATIONAL ASSOCIATION, NORTHERN SAN JOAQUIN VALLEY CHAPTER; SANTA CLARA DISTRICT OF SMACNA and any successor to each of these entities. As a group, they are known as the "signatory associations".

B. "Contribution Agreement" means any collective bargaining agreement, subscription agreement or other written agreement entered into by the Union with any Employer or Employer Association, approved by the Joint Board which requires contributions into this Pension Trust, including any amendment, modification, or extension of such agreement.

C. "Corporate Co-Trustee" means any bank of trust company appointed by the Joint Board as provided below.

D. "Employer" means any business entity which is required by a collective bargaining agreement between the Union and an Association to make payments into this Trust. It also includes any of the following which agree to make contributions equivalent to those required of other Employers hereunder:

(1)   The Union or any labor council or other labor organization with which it is affiliated if it elects to provide benefits hereunder for all of its regularly scheduled employees, provided however, that such

-4-

employees may be excluded who are members of a recognized collective bargaining unit and with whom pension coverage has been the subject of good faith bargaining with their collective bargaining representative.

(2)   A qualified exempt Trust approved by the Trustees which provides for payment to this Trust when an employee is unemployed or underemployed and otherwise would lose his eligibility for benefits.

(3)   Any other business entity which contributes to the Trust pursuant to a written agreement with the Union and with the approval of the Joint Board.

(4)   Any governmental unit whose participation on behalf of its sheet metal workers is approved by the Joint Board.

(5)   Any other business entity whose participation is required by a final judgment of any court of competent jurisdiction.

(6)   This Pension Plan, the Sheet Metal Workers of Northern California Pension Plan or any Association which contributes to the Trust pursuant to a subscription agreement in such form as the Joint Board from time to time may require.

The Joint Board may condition its approval in such manner as it deems necessary to assure the financial integrity of the Trust and equity among

-5-

Employers and Participants; but failure of the Joint Board to grant such approval or agree on such conditions shall not be subject to arbitration. The Joint Board may also require any Employer to sign a subscription agreement acceptable to it before crediting the Employer's contributions or benefits attributable thereto.

E. "Joint Board of Trustees" means the group of individuals appointed to administer the Trust as provided below. As a group they are referred to as the "Joint Board". The individual members, including any alternates when acting in place of regular members, are referred to as "Trustees".

F. "Participant" means any person on whose behalf contributions have been properly payable to the Trust and who either (1) is currently eligible for benefits or (2) has contributions and/or employment credited to his account by the Trust to be used in determining his or his Beneficiaries' eligibility for benefits; also any other person who may qualify as such under ERISA. "Beneficiary" means any person designated in accordance with the Plan who is or may become entitled to benefits thereunder.

G. "Plan Year" means the fiscal year on which the records of the Plan and Trust are kept.

H. "Union" means Sheet Metal Workers International Association Local Union Nos. 104, 162 and 371 and any successors thereto. It shall also include any other labor organization affiliated with the Sheet Metal Workers International Association whose participation as a "Union" hereunder is approved by the Joint Board.

## III. OBLIGATIONS OF EMPLOYERS

A. Payment of Contributions. All Employer contributions required by a Contribution Agreement shall be payable on the Due Date specified in paragraph B below, and shall be payable at such place in the county where the Trust's principal place of business is located as the Joint Board may from time to time specify; payment elsewhere shall be permitted only with the Joint Board's prior written approval.

Payments shall be accompanied by complete reports on forms furnished or approved by the Trust so that the contributions can be allocated accurately. The Employer may be compelled by the Trust or its assignee, by way of subpoena, civil discovery or other legal proceeding, to prepare, submit and file with the Trust proper reports for any period for which the Employer has previously failed to file.

For any report period for which an Employer fails to file a report until the proper report is filed by the Employer and accepted by the Trust, the amount due from the Employer for the report period for which the Employer has failed to file, shall be deemed to be not less than the amount due pursuant to the most recent complete report filed

-6-

-7-

by the Employer covering an equivalent period of time.

B. Due Date. The Due Date for an Employer's contributions for a month shall be the Due Date specified in the underlying collective bargaining agreement; if the underlying collective bargaining agreement does not specify a Due Date, payments must be received by the 20th day of the month immediately following the month for which the contribution is made.

C. Delinquent Contributions. Any Employer shall be considered to be delinquent if it (1) fails to submit a contribution report form with the full contribution by the close of business on the Due Date, or (2) fails to submit contributions on behalf of all employees for whom contributions are required under its Contribution Agreement, or (3) fails to properly compute the contributions according to the applicable contribution formula. It is recognized and acknowledged that the regular and timely payment of Employer contributions is essential to the efficient and fair administration of the Trust and the maintenance of Plan benefits. If Employers do not make timely payments, the Trust loses the investment return it should have received, and incurs additional administrative expense in the form of letters, telephone calls, and other collection expenses. The Trust is also delayed or prevented from processing claims by employees for benefits under the Plan. The Trust's collection expenses, loss of return on investment, and inability to pay

benefits constitute damages arising from an Employer's default in making timely payments, and these damages cannot be allowed to deplete the contributions promptly paid by other Employers.

It would be extremely difficult and impractical to fix the actual expense and damage to the Trust resulting from any Employer's default, over and above attorney's fees for each Employer's default. Therefore, the amount of damages to the Trust resulting from any Employer's default, over and above attorney's fees, shall be presumed to be the sum of $20.00 per delinquency or ten per cent (10%) of the amount which is delinquent, whichever is greater. Such amount shall become due and payable to the Trust as liquidated damages, and not as a penalty, at the end of the month in which the delinquency occurs (unless the contribution has been received by then), but may be waived by the Joint Board pursuant to rules and regulations adopted by it. Furthermore, both the contribution and the liquidated damages attributable thereto shall bear interest at a rate to be determined from time to time by resolution of the Board and published to Contributing Employers beginning with the first day of the month following the Due Date.

The Joint Board may adopt special rules applicable in cases of multiple delinquencies by an Employer, including (without limitation) rules requiring one or more of the following:

(a) Advancing the due date to the 10th day of the month;

(b) Posting of a bond or other security against further delinquencies;

(c) Providing for liquidated damages and interest up to the highest rate permitted under Section 515 of ERISA instead of any lower rate which would otherwise be applicable hereunder.

D. Recordkeeping and Audits and/or Employer Compliance Tests. Each Employer shall maintain such time records, checks, check stubs, quarterly or other pertinent government returns, or such other records relating to employment for which contributions are payable hereunder, sufficient (1) to determine whether it has satisfied all obligations to the Trust and (2) to permit the Trust to comply with all applicable laws. These records shall be maintained within California for a period of not less than seven years following the end of the calendar year in which the employment occurs. If an Employer fails to keep records adequate to determine its obligations, there shall be a rebuttable presumption, at the option of the Trust, that all sums paid to Participants by such Employer were wages for work for which contributions were payable to this Trust.

The Joint Board, or its authorized representatives, may require any Employer to submit to it any information relevant to the administration of the Trust, and each Employer specifically waives any privilege it may have with respect to such information. Upon notice in writing, an Employer must permit an authorized Trust representative to enter upon the premises of such Employer at a mutually agreeable time during regular business hours to examine and copy such records as may be necessary to determine whether the Employer is making full and prompt payment of all sums required to the Trust. Such examination may be undertaken pursuant to a routine payroll audit program and/or Employer compliance test program or on an individual basis.

The records to be made available to the Joint Board, or its representative, shall include, but not be limited to, time cards, payroll journals, payroll check registers, canceled payroll checks, copies of the Employer's federal, state and local payroll tax reports, and all other documents reflecting the hours and wages of employees (whether or not such documents are privileged).

In the event that an examination of the Employer's records reveals that full and prompt payment of all sums due is not being made, then such Employer shall reimburse the Trust, upon demand of the Joint Board, for the costs of said examination in addition to any other obligations it may have hereunder. The Joint Board shall have the authority, however, to waive all or part of such costs if the discrepancy is minor and not willful, or for other good cause shown.

-10-

-11-

E. Collection Actions. The Trust may institute legal proceedings to collect delinquent Employer contributions, contributions required by any applicable federal, state or other law or regulation, liquidated damages, interest, attorney's fees and other costs of collection, including collection agency fees. Such proceedings may be instituted in the name of the Trust or the Joint Board, or the claim may be assigned to a third person for collection. The county in which the particular Employer contribution is payable shall be a proper county in which to institute legal proceedings to collect all sums owing by an Employer.

The Employer shall reimburse the Trust, or its assignee, for all reasonable attorney's fees, audit and/or Employer compliance test fees, court costs, collection agency fees, and all other reasonable expenses of whatever nature incurred in connection with such suit or claim, including any and all appellate proceedings therein. It is recognized that the extent of legal services necessarily incurred in the collection of required Employer contributions may in certain cases have no relation to the fact that the amount of the delinquency is relatively small.

In the event an applicable collective bargaining agreement or Contribution Agreement contains provisions relating to collections that specify additional remedies, or obligate the delinquent Employer to greater amounts of liquidated damages, interest, attorney's fees or other items

than those set forth herein, the Joint Board, at its option, may pursue the additional remedies or impose the greater charges.

F. Return of Contributions. Employer contributions made to the Trust as a result of a mistake may not be returned to the Employer unless a refund request is submitted to the Trust within four years of the due date of the report form containing the erroneous contributions. If a contribution is made on behalf of a person for whom contributions are not required under the Employer's Contribution Agreement, the Trust may return the erroneous contribution, subject to the time limitation just set forth; provided, however, that the Trust shall have the option of retaining any contributions based upon which benefit eligibility has been provided. The Trust shall not be obligated to provide benefits dependent upon such erroneous contribution and may recover from the Employer any losses resulting from benefits paid as a result of the latter's error by assigning to the Employer any right of recovery against the recipient.

Pursuant to ERISA Section 403(c)(2)(A)(ii), Employer contributions made to the Trust as a result of mistake of fact or law may not be returned to the Employer more than six months after the Plan determines that the contribution was made by such a mistake.

AMENDMENT NUMBER THREE TO
SHEET METAL WORKERS PENSION TRUST
OF NORTHERN CALIFORNIA

In accordance with Article IX of the Trust Agreement, the undersigned Trustees hereby amend Article III-C of the Sheet Metal Workers Pension Trust of Northern California by deleting the last sentence of the first paragraph and adding the following as the third paragraph:

"The Joint Board may adopt special rules applicable in cases of multiple delinquencies by an Employer, including (without limitation) rules requiring one or more of the following:

a. Advancing the due date to the 10th day of the month;

b. Posting of a bond or other security against further delinquencies;

c. Providing for liquidated damages and interest up to the highest rate permitted under Section 515 of ERISA instead of any lower rate which would otherwise be applicable hereunder."

This Amendment shall be effective on the first day of the month following its signature by all Trustees.

EMPLOYER TRUSTEES                          UNION TRUSTEES

_Gale E. Quinn_ Date: 4-27-82    _Wm. W. Maddox_ Date: 4/27/8_

_____ Date: 4/5/82       _Irvin F. Ellenbergn_ Date: 4-27-8_

_W. A. Kitzur_ Date: 4/27/82     _Nelson Mast_ Date: 4-27-8

_Eugene A. McCabe_ Date: 4/27/82 _Wm James Hill_ Date: "

_Clun W. O'Brien_ Date: 4/27/82  _Robert Reile_ Date: 4-27-8.

_____ Date: 4/27/82      _Alfred J. Larrien_ Date: 4-27-8_

_____ Date: 4/27/82      _Donald L. Pharm_ Date: 4-27-8

_____ Date: _____      _Ray C White_ Date: 4-27-8

AMENDMENT NUMBER THREE TO
SHEET METAL WORKERS HEALTH CARE TRUST
OF NORTHERN CALIFORNIA

In accordance with Article IX of the Trust Agreement,
the undersigned Trustees hereby amend Article III-C of the
Sheet Metal Workers Health Care Trust of Northern California
by deleting the last sentence of the first paragraph and
adding the following as the third paragraph:

"The Joint Board may adopt special rules applicable
in cases of multiple delinquencies by an Employer, including
(without limitation) rules requiring one or more of the
following:

    a.    Advancing the due date to the
10th day of the month;

    b.    Posting of a bond or other security
against further delinquencies;

    c.    Providing for liquidated damages
and interest up to the highest rate permitted
under Section 515 of ERISA instead of any lower
rate which would otherwise be applicable hereunder."

This Amendment shall be effective on the first day
of the month following its signature by all Trustees.

EMPLOYER TRUSTEES                        UNION TRUSTEES

_____ Date: 4/27/82    _____ Date: 4-27-82

_____ Date: 4/27/82    Norman N[illegible] Date: 4-27-82

_____ Date: 4/27/82    _____ Date: 4-27-82

_____ Date: 4/1/81    Alfred J [illegible] Date: 4-27-82

_____ Date: _____    Robert Riehl Date: 4-27-82

_____ Date: 4-27-82    Wm. D. Muldoy Date: 4/27/82

_____ Date: _____    Robert [illegible] Date: 4-27-82

SALTZMAN & JOHNSON
LAW CORPORATION
57 POST STREET, SUITE 804
SAN FRANCISCO, CA 94104
(415) 391-7900

WARREN H. SALTZMAN
RICHARD C. JOHNSON

February 15, 1983

Sheet Metal Workers Trust Funds
c/o C. W. Sweeney & Co.
50 Francisco Street
San Francisco, California  94133

Dear Trustees:

Enclosed are the new collection procedures approved by the Ways and Means Committee at its meeting on February 9th.

Very truly yours,

Warren H. Saltzman

WES:slh
Enc.

cc:  All Trustees
     Edna Heath
     Michael Carroll

PROPOSED NEW COLLECTION PROCEDURES
FOR SHEET METAL TRUSTS

I.   COLLECTION SCHEDULE.   (Note:  Months are numbered beginning with the month following the one in which hours are worked, e.g. month no. 1 is the month in which the contributions were actually payable.)

### Month No. 1

| | |
|---|---|
| 20th | Contributions become delinquent |
| Last Business Day of Month | Demand letter is sent from Plan Office with cc: to Union and Association reminding them of the importance of advising the Plan Office of any available mechanics liens. (Form 1) |

### Month No. 2

| | |
|---|---|
| 10th | A follow-up letter from the Plan Office (cc: Collection Attorney) advising that the account will be referred to the Collection Attorney if not completely current by 20th of the month, including the new payment due on that date. (Forms 2 and 2-LD (Liquidated Damages Only)) |
| As soon as possible following receipt of letters postmarked by the 20th (or earlier if available information indicates a serious collection problem) | Account to be referred to Collection Attorney. |
| Last Business Day of Month | Collection Attorney will send demand letter unless previously advised by the Plan Office that the account (including 10% liquidated damages) is competely current.   (Form 3) |

### Month No. 3

| | |
|---|---|
| By 20th of month | Collection Attorney to have instituted appropriate legal proceedings unless he concludes delay to be in the Trust's best interest or he has not yet received the necessary contract documentation.   (See VI below.)  If delayed, the reasons shall |

## II.  LIQUIDATED DAMAGES.

1.   If only one month's delinquency is involved, liquidated damages are assessed if the contributions are not actually received before the last business day of the month in which the contributions are due.  If there is any other outstanding delinquency, they are assessed as of the delinquency date (the 20th).

2.   Unless the account is completely current before the last business day of Month 2 (including 10% liquidated damages), liquidated damages become 20% rather than 10%.

3.   If there is only a one month delinquency and if the principal sum is paid prior to referral to the Collection Attorney, waiver shall be granted by the Plan Office upon a written request setting forth a reasonable excuse; such waivers will be reported to the next meeting of the Ways and Means Committee for its information.  Requests shall be referred to the Ways and Means Committee only if the Plan Office believes there are special facts warranting consideration by the Committee or if a Trustee so requests and only if the waiver request is received before referral to the Collection Attorney.

## III.  INTEREST.

If legal proceedings are instituted, interest at 10% annually will be assessed from the delinquency date (the 20th of Month 1).

## IV.  AUDITS.

1.   The Collection Attorney shall have the authority to request an audit after the account is referred to him whenever he deems appropriate.

2.   Audits shall also be made upon request of Ways and Means Committee or upon written request of the Union and Management Trustees from area.

3.   Periodic or random audits shall be as from time to time established by the Ways and Means Committee.

## V.  NOTICE TO EMPLOYEES.

Employees shall be notified of delinquencies and their consequences by the end of the month in which the matter is referred to counsel.  (Form 4)  The notice will be sent to the Unions who will in turn decide in each case whether to distribute by posting at the employer's place of business, by personal delivery to the employees, or by mailing to the employees, or some combination thereof.  The Union will advise the Plan Office when and how notice was given.

## VI.  CONTRACT DOCUMENTATION.

Starting with July 1, 1983 contracts, Edna Heath's

## NOTICE OF DELINQUENT CONTRIBUTION
### AND REPORTING FORMS

EMPLOYER'S NAME, ADDRESS AND IDENTIFICATION NUMBER

AREA        CODE

Date _____

Gentlemen:

The records of these trust funds indicate that you have not filed Employer's Reports of Contribution for hours worked during the months indicated below.  If you have already paid this contribution or if no hours were worked please read and complete Section B of this form.  If hours were worked during that period, carefully read Section A, which sets forth the penalties for delinquent payment.

## SECTION A

| JAN. | FEB. | MAR. | APR. | MAY | JUN. | JUL. | AUG. | SEP. | OCT. | NOV. | DEC. | COMMENTS |
|------|------|------|------|-----|------|------|------|------|------|------|------|----------|
|      |      |      |      |     |      |      |      |      |      |      |      |          |

The timely filing of monthly reports is essential in order that the trust may provide the benefits due your employees.  Reports are due not later than the 20th day of each month.  Under the trust funds' rules Liquidated damages of $20.00 or 10%, whichever is greater, are now due on the delinquent contributions.  Furthermore, if this matter is referred to legal counsel, Liquidated Damages will increase to 20%.

If this notice is correct, send the overdue reports directly to the bank depository with your check for the contributions and 10% Liquidated Damages.

## SECTION B

If for any reason your account should not be considered delinquent, we ask that you report your status to this office so that we may clear your account.  Please check one of the following boxes and return this notice to the trust fund.

☐ We are no longer in business. The last month of business was _____

DATE

☐ Place this account on the inactive list. The last month we hired employees was _____

DRAFT
(Different color)

## FINAL NOTICE OF DELINQUENT CONTRIBUTIONS

Date _____

Gentlemen:

This office has still not received your trust fund contributions for hours worked during the month of _____.

Payments must be received by the bank depository no later than the 20th day of the month following the month the hours were worked. This is true not only for the month listed above, but also for your contribution which will be due in just a few days, on the 20th of this month.

### PENALTIES FOR DELINQUENT PAYMENT

The trust agreements of the Health Care and Pension Funds provide for the assessment of liquidated damages as follows:

If you pay the delinquent contribution before the trust funds refer the matter to their attorney:   10% Liquidated Damages

If you pay the contributions after the trust funds refer the matter to their attorney:   20% Liquidated Damages; also 10% interest, court costs and attorney fees if legal proceedings are instituted

If you have not already done so, please submit your contributions for the above month immediately, together with 10% liquidated damages. Your account will be turned over to the Trust Fund's attorney unless your account is completely current by the 20th day of this month. This means we must receive by then not only the contribution and liquidated damages for the delinquent month but also the contribution for last month's work which is due on the 20th of this month. If legal proceedings are necessary, interest, court costs and legal fees will also be demanded.

Very truly yours,

Trust Fund Office

iness Address:
rancisco, Suite 100
Francisco, California

Mailing Address:
P.O. Box 7961
San Francisco, CA 94120

Final Notice of Delinquent Liquidated Damages

Gentlemen:

At the end of last month you were advised that liquidated
damages had been assessed in connection with your contributions
for the work month of              .  Although you have now
transmitted your report and contribution for that month,
the liquidated damages have not been received.  Therefore,
please promptly send us your check in the amount of $
which represents 10% of the delinquency, together with a
copy of this letter.

Unless this amount is received by the 20th of this month,
the liquidated damage assessment increases to 20%, so that
the amount owing will double.  In addition, the Trust's
collection attorney will be asked to promptly enforce the
obligation;  and if legal proceedings are necessary,
interest, courts costs and legal fees will also be demanded.

When sending your check, please enclose a copy of this
letter.

Very truly yours,


Trust Fund Office

cc:  Area Trustees

LAW OFFICES OF

# ERSKINE & TULLEY

A PROFESSIONAL CORPORATION
026 MARKET STREET
SAN FRANCISCO 94103
(415) 392-5431

DRAFT

Employer No.

Gentlemen:

We represent the Trustees of the Sheet Metal Workers of Northern California Trust Funds, and we are writing because the administrative office has not received your monthly employer reports and contribution payments to the Trusts for the months of

Under the terms of the Trusts, reports must be received promptly, and if they are not, the account is listed as delinquent. The Trust cannot determine what contributions are payable until reports containing the information are received.

Under your contract with the Sheet Metal Workers Union and the terms of the Trust Agreement, employers whose contributions are delinquent must also pay liquidated damages. As you were previously advised, liquidated damages increase to 20% when an account is referred to this office. In addition, these agreements also require the employer to pay 10% interest, attorneys fees and court costs if legal action is necessary to collect the delinquency.

Please forward your reports for the above months TO THIS OFFICE within the next seven days. If contributions are due, please send your check payable to the Sheet Metal Workers of Northern California Trust Funds for contributions plus 20% liquidated damages TO THIS OFFICE within the time indicated.

Please give this matter your immediate attention so as to avoid the extra expense and inconvenience to you of legal action.

If you believe our information is inaccurate, or that we are unaware of all the pertinent circumstances in this matter, please contact Ms. Andrade in our office at once. Thank you for your cooperation.

Yours very truly,

Michael J. Carroll

JC/sz

415/391-4440

HEALTH CARE PLAN / PENSION TRUST FUND

Address:
..., Suite 100
..., California

Mailing Address
P.O. Box 7961
San Francisco, CA 941...

DRAFT NOTICE TO EMPLOYEES WHERE
NO REPORT SUBMITTED

Notice to Employees of _____

    This letter is to inform you that the above employer has not reported hours to the trust funds for the months of _____.

    If the delinquency continues, you may have no further additions to your hour bank and your coverage will then continue only so long as there are enough hours remaining in your hour bank.

    If you have any questions concerning this matter, please contact this office.

Yours very truly,

Trust Fund Office

## APPENDIX D

### SHEET METAL WORKERS OF NORTHERN CALIFORNIA PENSION TRUST FUND

These procedures apply to all fringe benefits billed under the Sheet Metal Workers of Northern California Pension Trust Fund heading.

* Contributions are due on the 10th of the month and are delinquent if postmarked later than the 20th of the month. In order to determine when contributions were mailed the Trust Fund Office must rely on postage cancellation stamps and not postage meter charges.

  Employer contribution reports bearing postage cancellation stamps on or after the 21st of the month are considered delinquent and assessed Liquidated Damages of 10% or $20 per fringe benefit whichever is greater for Health Care and Pension (for other benefits, 10% or $25 per benefit whichever is greater but not to exceed an aggregate of 10% or $100.00 whichever is greater).

* Employers who have not reported by the 20th of the month following the month in which contributions are due are referred to Collection Counsel. At that time Liquidated Damages are doubled. Interest is also charged at a rate determined from time to time by resolution of the Board of Trustees. The employer is responsible for any court costs and attorneys' fees if legal proceedings are instituted.

* Employers are notified twice before they are referred to Collection Counsel (once on the third of the month and again on the 10th of the month following the month in which contributions were due). This is done to enable the employer to pay his account and thereby avoid the increased charges.

* Once a matter is referred to collection counsel liquidated damages increase as of the date of referral to 20% of the total amount of any billing still due and owing as of that date.

* On the 10th of the month following the month in which contributions are due, but unpaid, in addition to referral to counsel, the Union will also be notified and will, in turn, notify the Employer by the 20th of the month that bargaining unit employees will be withdrawn in forty-eight hours from the date specified in the notice, unless payment is made. Employees shall also be withdrawn if an Employer signed to a payment plan is thirty (30) days late or when an Employer fails, within fourteen (14) days, to respond to an audit letter

- 12 -

AGREEMENT AND DECLARATION OF TRUST
AMENDMENT NUMBER THREE

SHEET METAL WORKERS PENSION PLAN
OF NORTHERN CALIFORNIA

The Agreement and Declaration of Trust for the Sheet Metal Workers
Pension Plan of Northern California is amended as set forth on the
following page:

Signed at:  San Ramon, California on June 2, 1998.

BOARD OF TRUSTEES, SHEET METAL WORKERS PENSION TRUST OF NORTHERN
CALIFORNIA.

UNION TRUSTEES                          EMPLOYER TRUSTEES

AMENDMENT NUMBER THREE

To The

AGREEMENT AND DECLARATION OF TRUST

SHEET METAL WORKERS PENSION TRUST

Recitals

WHEREAS, the Board of Trustees of the Sheet Metal Workers Pension Plan of Northern California desires to amend the Trust Agreement, dated July 1, 1993, to clarify the rules on assessment of liquidated damages and the due date for contributions (i.e., received vs. postmarked);

THEREFORE, the Board amends the Trust Agreement as follows:

Amendment

Effective as of January 1, 1998, the Board of Trustees amends the Agreement and Declaration of Trust as follows:

1. Article III, Section B is amended as follows:

The Due Date for an Employer's contributions for a month shall be the Due Date specified in the underlying collective bargaining agreement; if the underlying collective bargaining agreement does not specify a Due Date, payments must be postmarked by the 20th day of the month immediately following the month for which the contribution is made.

2. The third sentence of the second paragraph of Article III, Section C is restated as follows:

Such amount shall become due and payable to the Trust as liquidated damages, and not as a penalty, but may be waived by the Joint Board pursuant to rules and regulations adopted by it.

**EMPLOYER NAME: C R SCHELLENGER H V A C INC.**

**EMPLOYER NUMBER:    906795/309**

**LIABILITY DETAIL SHEET**

| MONTH | CONTRIB. DUE | CONTRIB. DUE DATE | DATE PD, IF PAID | CONTRIBS STILL DUE | LIQUID. DAMAGES DUE | 15% INTEREST |
|---|---|---|---|---|---|---|
| EMPLOYER No. 318225 | | | | | | |
| 10/07 | $3,822.64 | 11/20/07 | | $3,822.64 | $764.53 | $417.62 |
| 11/07 | $3,822.64 | 12/20/07 | | $3,822.64 | $764.53 | $370.52 |
| 12/07 | $2,691.76 | 1/20/08 | | $2,691.76 | $538.36 | $227.55 |
| 1/08 | $2,691.76 | 2/20/08 | | $2,691.76 | $538.36 | $193.14 |
| | | | | | | |
| | | | | | | |
| EMPLOYER No. 326720 | | | | | | |
| 10/07 | $6,935.23 | 11/20/07 | $2800.00 pd 6/5/08 | $4,135.23 | $1,387.05 | $452.20 |
| 11/07 | $5,683.55 | 12/20/07 | | $5,683.55 | $1,136.71 | $552.24 |
| 12/07 | $3,143.96 | 1/20/08 | | $3,143.96 | $628.80 | $266.50 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | $25,991.54 | $5,758.34 | $2479.77 |
| | | | | | | |
| | | | | | | |
| | | | | | | |

# SHEET METAL WORKERS of NORTHERN CALIFORNIA PENSION TRUST FUND
## EMPLOYER'S REPORT OF CONTRIBUTIONS

| EMPLOYER NAME & ADDRESS | REPORTING DATES | FOR ADMINISTRATION USE ONLY |
|---|---|---|
| #: 318225  Phone: 707/942-1166  0666 | Local: 104 | Postmark Date: ___/___/___ |
| me: C R SCHELLENGER HVAC | For Work Performed During: 10/2007 | Deposit Date: ___/___/___ |
| dr: -OWNER/MEMBER | Rate Code: 315 | Check Number: _____ |
| 1030 MAIN STREET #211 | Contribution Due: 11/10/2007 | Check Amount: _____ |
| ST HELENA CA 94574 | Delinquent if Received After: 11/20/2007 | Entered By: _____ |

**CONTRACT**

ea: 0666 NORTH BAY    Agreement: 30   LIGHT COMMERCIAL
so.: 81  SMACNA    Job Class: 310   JOURNEYPERSON, FOREPERSON 2 OWNER MEMBER

**RATE CODE 315**   **EMPLOYEE HOURS REPORTED**   *All hours reported should be the actual hours worked and not multiplied by .5, 1.5 or 2. Total Hours Worked includes straight hours worked, overtime hours, and double time hours.*

Total Hours Worked Rate
| | |
|---|---|
| Health | .00 |
| SHC | .44 |
| Nor Cal Pension | 6.37 |
| National Pension | 2.02 |
| Dues Check Off | 2.24 |
| Appr Train | 1.00 |
| SMOHIT | .02 |
| Industry Prom | .65 |
| Supp Pen 1 | 1.30 |
| Supp Pen 2 | .00 |
| Vacation | 4.20 ✓ |
| Total | 18.24 (1) |

Overtime Hours Rate
| | |
|---|---|
| Supp Pen 2 | .000 |
| Vacation | 2.100 |
| Total | 2.100 (2) |

Double Time Hours Rate
| | |
|---|---|
| Supp Pen 2 | .00 |
| Vacation | 4.20 |
| Total | 4.20 (3) |

Minimum Health Care Hours Rate
| | |
|---|---|
| Health | 8.68 |
| Total | 8.68 (4) |

| SOC. SEC. NUMBER | EMPLOYEE NAME (Last Name, First Name, Middle Initial) | STRAIGHT HOURS WORKED | OVERTIME HOURS | DOUBLE TIME HOURS | TOTAL HOURS WORKED | 142 MINIMUM HEALTH CARE HOURS |
|---|---|---|---|---|---|---|
| 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 | SCHELLENGER, ALEXANDER | 142 | X | X | 142 | 142 |

## EMPLOYER CERTIFICATION

The Employer certifies that the information herein is correct; that this report covers all hours worked or paid during the period for which contributions are required under a written Contribution Agreement, such as written collective bargaining agreements with local unions of the Sheet Metal Workers International Association; and that all payments reported herein are made in accordance with said Contribution Agreements and the applicable Trust Agreements. The undersigned agrees to be bound by all of the terms of the applicable Trust Agreements, including specifically the provisions of each Trust Agreement describing liquidated damages for delinquencies and other obligations of Employer's, and authorized the depository bank to transfer the moneys remitted herewith to the appropriate Trusts in accordance with instructions issued by the Trustees thereof and any Joint Services Agreement entered into. The undersigned certifies under penalty of perjury that he or she is duly authorized by the above-named employer to sign and submit this report on behalf of such Employer.

| | | | |
|---|---|---|---|
| Certifying Signature | Date | Title | |

☐ Check here if No Hours to report for Rate Code 315.
Please retain a copy of the form(s) for your records.

| | | | | | |
|---|---|---|---|---|---|
| TOTAL HOURS: | | | | | |
| MULTIPLY TOTAL HOURS BY RATE: | N/A | 2.100 (2) | 4.20 (3) | 18.24 (1) | 8.68 (4) |
| AMOUNT DUE: | X | X | X | 2,570.08 | 1,232.56 |

RATE CODE 315 TOTAL AMOUNT DUE:

## REMITTANCE ADDRESS

| | |
|---|---|
| Total all form(s) and issue one check payable to: SHEET METAL WORKERS of NORTHERN CALIFORNIA PENSION TRUST FUND | Remit form(s) and payment to: SHEET METAL WORKERS ATTN: CONTRIBUTION DEPT. PO BOX 45312 SAN FRANCISCO CA 94145-45312 |

ADJUSTMENT (Note Reason) _____

EMPLOYER 318225 TOTAL AMOUNT DUE: (Check Amount)  3,822.64

Page 1 of 1    If you have any questions, please call (925) 208-9994.

## EMPLOYER'S REPORT OF CONTRIBUTIONS

| EMPLOYER NAME & ADDRESS | REPORTING DATES | FOR ADMINISTRATION USE ONLY |
|---|---|---|
| Emp#: 318225  Phone: 707/942-1166  0666 | Local: 104 | Postmark Date: ___/___/___ |
| Name: C R SCHELLENGER HVAC | For Work Performed During: 11/2007 | |
| Addr: -OWNER/MEMBER | Rate Code: 315 | Deposit Date: ___/___/___ |
| 1030 MAIN STREET #211 | Contribution Due: 12/10/2007 | Check Number: _____ |
| ST HELENA CA 94574 | Delinquent If Received After: 12/20/2007 | Check Amount: _____ |
| | | Entered By: _____ |

### CONTRACT

Area: 0666 NORTH BAY  Agreement: 30  LIGHT COMMERCIAL
Asso: 81  SMACNA  Job Class: 310  JOURNEYPERSON, FOREPERSON 2 OWNER MEMBER

**RATE CODE 315**

**Total Hours Worked Rate**

| | |
|---|---|
| Health | .00 |
| SHC | .44 |
| Nor Cal Pension | 6.37 |
| National Pension | 2.02 |
| Dues Check Off | 2.24 |
| Appr Train | 1.00 |
| SMOHIT | .02 |
| Industry Prom | .65 |
| Supp Pen 1 | 1.30 |
| Supp Pen 2 | .00 |
| Vacation | 4.20 |
| Total | 18.24 (1) |

**Overtime Hours Rate**

| | |
|---|---|
| Supp Pen 2 | .000 |
| Vacation | 2.100 |
| Total | 2.100 (2) |

**Double Time Hours Rate**

| | |
|---|---|
| Supp Pen 2 | .00 |
| Vacation | 4.20 |
| Total | 4.20 (3) |

**Minimum Health Care Hours Rate**

| | |
|---|---|
| Health | 8.68 |
| Total | 8.68 (4) |

**EMPLOYEE HOURS REPORTED** — *All hours reported should be the actual hours worked and not multiplied by .5, 1.5 or 2. Total Hours Worked includes straight hours worked, overtime hours, and double time hours.*

| SOC. SEC. NUMBER | EMPLOYEE NAME (Last Name, First Name, Middle Initial) | STRAIGHT HOURS WORKED | OVERTIME HOURS | DOUBLE TIME HOURS | TOTAL HOURS WORKED | 142 MINIMUM HEALTH CARE HOURS |
|---|---|---|---|---|---|---|
| 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 | SCHELLENGER, ALEXANDER | 142 | X | X | 142 | 142 |

### EMPLOYER CERTIFICATION

The Employer certifies that the information herein is correct; that this report covers all hours worked or paid during the period for which contributions are required under a written Contribution Agreement, such as written collective bargaining agreements with local unions of the Sheet Metal Workers International Association; and that all payments reported herein are made in accordance with said Contribution Agreements and the applicable Trust Agreements. The undersigned agrees to be bound by all of the terms of the applicable Trust Agreements, including specifically the provisions of each Trust Agreement describing liquidated damages for delinquencies and other obligations of Employers, and authorized the depository bank to transfer the moneys remitted herewith with instructions issued by the Trustees thereof and any Joint Services Agreement entered into. The undersigned certifies under penalty of perjury that he or she is duly authorized by the above-named employer to sign and submit this report on behalf of such Employer.

| | STRAIGHT | OVERTIME | DOUBLE TIME | TOTAL | MIN HEALTH |
|---|---|---|---|---|---|
| TOTAL HOURS: | | | | | |
| MULTIPLY TOTAL HOURS BY RATE: | N/A | 2.100 (2) | 4.20 (3) | 18.24 (1) | 8.68 (4) |
| AMOUNT DUE: | | | | 2590.08 | 1,232. |

Certifying Signature ___  Date ___  Title ___

☐ Check here if No Hours to report for Rate Code 315.
Please retain a copy of the form(s) for your records.

RATE CODE 315 TOTAL AMOUNT DUE: _____

### REMITTANCE ADDRESS

Total all form(s) and issue one check payable to:
**SHEET METAL WORKERS OF NORTHERN CALIFORNIA PENSION TRUST FUND**

Remit form(s) and payment to:
**SHEET METAL WORKERS
ATTN: CONTRIBUTION DEPT.
PO BOX 45312
SAN FRANCISCO CA 94145-45312**

ADJUSTMENT (Note Reason) _____

EMPLOYER 318225 TOTAL AMOUNT DUE: (Check Amount)  3,822.64

If you have any questions, please call (925) 208-9994.

# SHEET METAL WORKERS of NORTHERN CALIFORNIA PENSION TRUST FUND
## EMPLOYER'S REPORT OF CONTRIBUTIONS

| EMPLOYER NAME & ADDRESS | REPORTING DATES | FOR ADMINISTRATION USE ONLY |
|---|---|---|
| Er#: 318225   Phone: 707/942-1166   0666 | Local: 104 | Postmark Date: ___/___/___ |
| Name: C R SCHELLENGER HVAC | For Work Performed During: 12/2007 ✓ | Deposit Date: ___/___/___ |
| Addr: –OWNER/MEMBER | Rate Code: 315 | Check Number: _____ |
|   1030 MAIN STREET #211 | Contribution Due: 01/10/2008 | Check Amount: _____ |
|   ST HELENA CA 94574 | Delinquent If Received After: 01/20/2008 | Entered By: _____ |

## CONTRACT

Area: 0666   NORTH BAY     Agreement: 30   LIGHT COMMERCIAL
Asso.: 81   SMACNA     Job Class: 310   JOURNEYPERSON, FOREPERSON 2 OWNER MEMBER

**RATE CODE 315**

**EMPLOYEE HOURS REPORTED**   All hours reported should be the actual hours worked and not multiplied by .5, 1.5 or 2. Total Hours Worked includes straight hours worked, overtime hours, and double time hours.

Total Hours Worked Rate

| | Rate |
|---|---|
| Health | .00 |
| SHC | .44 |
| Nor Cal Pension | 6.37 |
| National Pension | 2.02 |
| Dues Check Off | 2.24 |
| Appr Train | 1.00 |
| SMOHIT | .02 |
| Industry Prom | .65 |
| Supp Pen 1 | 1.30 |
| Supp Pen 2 | .00 |
| Vacation | 4.20 |
| Total | 18.24 (1) |

Overtime Hours Rate

| | Rate |
|---|---|
| Supp Pen 2 | .000 |
| Vacation | 2.100 |
| Total | 2.100 (2) |

Double Time Hours Rate

| | Rate |
|---|---|
| Supp Pen 2 | .00 |
| Vacation | 4.20 |
| Total | 4.20 (3) |

Minimum Health Care Hours Rate

| | Rate |
|---|---|
| Health | 8.68 |
| Total | 8.68 (4) |

| SOC. SEC. NUMBER | EMPLOYEE NAME (Last Name, First Name, Middle Initial) | STRAIGHT HOURS WORKED | OVERTIME HOURS | DOUBLE TIME HOURS | TOTAL HOURS WORKED | 142 MINIMUM HEALTH CARE HOURS |
|---|---|---|---|---|---|---|
| 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 | SCHELLENGER, ALEXANDER | 80 | / | / | 80 | 142 |

## EMPLOYER CERTIFICATION

The Employer certifies that the information herein is correct; that this report covers all hours worked or paid during the period for which contributions are required under a written Contribution Agreement, such as written collective bargaining agreements with local unions of the Sheet Metal Workers International Association; and that all payments reported herein are made in accordance with said Contribution Agreements and the applicable Trust Agreements. The undersigned agrees to be bound by all of the terms of the applicable Trust Agreements, including specifically the provisions of each Trust Agreement describing l culcated damages for delinquencies and other obligations of Employers, and authorized the depository bank to transfer the moneys remitted herewith to the appropriate Trusts in accordance with instructions issued by the Trustees thereof and any Joint Services Agreement entered into. The undersigned certifies under penalty of perjury that he or she is duly authorized by the above-named employer to sign and submit this report on behalf of such Employer.

Certifying Signature    Date    Title

☐ Check here if No Hours to report for Rate Code 315.

Please retain a copy of the form(s) for your records.

| | TOTAL HOURS: | | | | | |
|---|---|---|---|---|---|---|
| MULTIPLY TOTAL HOURS BY RATE: | | N/A | 2.100 (2) | 4.20 (3) | 18.24 (1) | 8.68 (4) |
| AMOUNT DUE: | | / | / | / | 1459.20 | 1,232.56 |

RATE CODE 315 TOTAL AMOUNT DUE:

ADJUSTMENT (Note Reason) _____

EMPLOYER 318225 TOTAL AMOUNT DUE: (Check Amount) 2,691.76

## REMITTANCE ADDRESS

Total all form(s) and issue one check payable to:
SHEET METAL WORKERS of NORTHERN CALIFORNIA PENSION TRUST FUND

Remit form(s) and payment to:
SHEET METAL WORKERS
ATTN: CONTRIBUTION DEPT.
PO BOX 45312
SAN FRANCISCO CA 94145-45312

If you have any questions, please call (925) 208-9994.

# SHEET METAL WORKERS of NORTHERN CALIFORNIA PENSION TRUST FUND
### EMPLOYER'S REPORT OF CONTRIBUTIONS

| EMPLOYER NAME & ADDRESS | REPORTING DATES | FOR ADMINISTRATION USE ONLY |
|---|---|---|
| Emf: 318225  Phone: 707/942-1166  0666 | Local: 104 | Postmark Date: ___/___/___ |
| Name: C R SCHELLENGER HVAC | For Work Performed During: 01/2008 | Deposit Date: ___/___/___ |
| Addr: -OWNER/MEMBER | Rate Code: 315 | Check Number: _____ |
| 1030 MAIN STREET #211 | Contribution Due: 02/10/2008 | Check Amount: _____ |
| ST HELENA CA 94574 | Delinquent If Received After: 02/20/2008 | Entered By: _____ |

## CONTRACT

Area: 0666 NORTH BAY   Agreement: 30   LIGHT COMMERCIAL
Asso.: 81   SMACNA   Job Class: 310   JOURNEYPERSON, FOREPERSON 2 OWNER MEMBER

## RATE CODE 315

**Total Hours Worked Rate**

| | |
|---|---|
| Health | .00 |
| SHC | .44 |
| Nor Cal Pension | 6.37 |
| National Pension | 2.02 |
| Dues Check Off | 2.24 |
| Appr Train | 1.00 |
| SMOHIT | .02 |
| Industry Prom | .65 |
| Supp Pen 1 | 1.30 |
| Supp Pen 2 | .00 |
| Vacation | 4.20 |
| Total | 18.24 (1) |

**Overtime Hours Rate**

| | |
|---|---|
| Supp Pen 2 | .000 |
| Vacation | 2.100 |
| Total | 2.100 (2) |

**Double Time Hours Rate**

| | |
|---|---|
| Supp Pen 2 | .00 |
| Vacation | 4.20 |
| Total | 4.20 (3) |

**Minimum Health Care Hours Rate**

| | |
|---|---|
| Health | 8.68 |
| Total | 8.68 (4) |

### EMPLOYEE HOURS REPORTED
*All hours reported should be the actual hours worked and not multiplied by .5, 1.5 or 2. Total Hours Worked Includes straight hours worked, overtime hours, and double time hours.*

| SOC. SEC. NUMBER | EMPLOYEE NAME (Last Name, First Name, Middle Initial) | STRAIGHT HOURS WORKED | OVERTIME HOURS | DOUBLE TIME HOURS | TOTAL HOURS WORKED | 142 MINIMUM HEALTH CARE HOURS |
|---|---|---|---|---|---|---|
| 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 | SCHELLENGER, ALEXANDER | 80 | | | 80 | 140 |

## EMPLOYER CERTIFICATION

The Employer certifies that the information herein is correct; that this report covers all hours worked or paid during the period for which contributions are required under a written Contribution Agreement, such as written collective bargaining agreements with local unions of the Sheet Metal Workers International Association; and that all payments reported herein are made in accordance with said Contribution Agreements and the applicable Trust Agreements. The undersigned agrees to be bound by all of the terms of the applicable Trust Agreements, including specifically the provisions of each Trust Agreement describing liquidated damages for delinquencies and other obligations of Employers, and authorized the depository bank to transfer the moneys remitted herewith to the appropriate Trusts in accordance with Instructions issued by the Trustees thereof and any Joint Services Agreement entered into. The undersigned certifies under penalty of perjury that he or she is duly authorized by the above-named employer to sign and submit this report on behalf of such Employer.

Certifying Signature: ATTN: Michael Carroll
Date: 2/10/07
Title: 315.
415-342-1978

| | TOTAL HOURS: | | | | |
|---|---|---|---|---|---|
| MULTIPLY TOTAL HOURS BY RATE: | N/A | 2.100 (2) | 4.20 (3) | 18.24 (1) | 8.68 (4) |
| AMOUNT DUE: | | | | 1459.20 | 1,232.56 |

Remit form(s) and payment to:
SHEET METAL WORKERS
ATTN: CONTRIBUTION DEPT.
PO BOX 45312
SAN FRANCISCO CA 94145-45312

RATE CODE 315 TOTAL AMOUNT DUE:

ADJUSTMENT (Note Reason) _____

EMPLOYER 318225 TOTAL AMOUNT DUE: (Check Amount) 2,691.76

**If you have any questions, please call (925) 208-9994**

# SHEET METAL WORKERS of NORTHERN CALIFORNIA PENSION TRUST FUND
## EMPLOYER'S REPORT OF CONTRIBUTIONS

| EMPLOYER NAME & ADDRESS | REPORTING DATES | FOR ADMINISTRATION USE ONLY |
|---|---|---|
| : 326720  Phone: 707/942-1166  0666 | Local: 104 | Postmark Date: ___/___/___ |
| me: C R SCHELLENGER HVAC | For Work Performed During: 10/2007 | Deposit Date: ___/___/___ |
| dr: 1030 MAIN STREET #211 | Rate Code: 144 | Check Number: _____ |
| ST HELENA CA 94574 | Contribution Due: 11/10/2007 | Check Amount: _____ |
| | Delinquent if Received After: 11/20/2007 | Entered By: _____ |

**ONTRACT**

ea: 0666 NORTH BAY   Agreement: 70   SERVICE TECHNICIAN
iso: 81  SMACNA   Job Class: 600   SERVICE TECHNICIAN 2

**ATE CODE 144**   **EMPLOYEE HOURS REPORTED**   *All hours reported should be the actual hours worked and not multiplied by .5, 1.5 or 2. Total Hours Worked includes straight hours worked, overtime hours, and double time hours.*

**otal Hours Worked Rate**

| Health | .00 |
| SHC | .44 |
| Ncr Cal Pension | 2.66 |
| National Pension | .89 |
| Dues Check Off | 1.20 |
| Appr Train | 1.00 |
| SMOHIT | .00 |
| Industry Prom | .65 |
| Supp Pen 1 | 1.50 |
| Supp Pen 2 | .00 |
| Vacation | 4.30 |
| Total | 12.64 (1) |

**Overtime Hours Rate**

| Supp Pen 2 | .000 |
| Vacation | 2.150 |
| Total | 2.150 (2) |

**Double Time Hours Rate**

| Supp Pen 2 | .00 |
| Vacation | 4.30 |
| Total | 4.30 (3) |

**Minimum Health Care Hours Rate**

| Health | 7.29 |
| Total | 7.29 (4) |

| SOC. SEC. NUMBER | EMPLOYEE NAME (Last Name, First Name, Middle Initial) | STRAIGHT HOURS WORKED | OVERTIME HOURS | DOUBLE TIME HOURS | TOTAL HOURS WORKED | 130 MINIMUM HEALTH CARE HOURS |
|---|---|---|---|---|---|---|
| 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 | GAUL, MICHAEL | 128.50 | .50 | | 129 | 130 |
| 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 | MCBRIDE, SHAWN | 101.00 | .75 | | 101.75 | |
| | | 229.50 | 1.25 | | 230.75 | 234.75 |

## EMPLOYER CERTIFICATION

The Employer certifies that the information herein is correct; that this report covers all hours worked or paid during the period for which contributions are required under a written Contribution Agreement, such as written collective bargaining agreements with local unions of the Sheet Metal Workers International Association; and that all payments reported herein are made in accordance with said Contribution Agreements. The undersigned agrees to be bound by all of the terms of the applicable Trust Agreements, including specifically the provisions of each Trust Agreement describing liquidated damages for delinquencies and other obligations of Employers, and authorized the depository bank to transfer the moneys remitted herewith to the appropriate Trusts in accordance with instructions issued by the Trustees thereof and any Joint Services Agreement entered into. The undersigned certifies under penalty of perjury that he or she is duly authorized by the above-named employer to sign and submit this report on behalf of such Employer.

| | | | | TOTAL HOURS: | | |
|---|---|---|---|---|---|---|
| | | | MULTIPLY TOTAL HOURS BY RATE: | N/A | 2.150 (2) | 4.30 (3) | 12.64 (1) | 7.29 (4) |
| | | | AMOUNT DUE: | | 2.69 | | 296.65 | 1,699.44 |

RATE CODE 144 TOTAL AMOUNT DUE: $4,608.83

Certifying Signature _____  Date _____  Title _____

☐ Check here if No Hours to report for Rate Code 144.
Please retain a copy of the form(s) for your records.

## REMITTANCE ADDRESS

Total all form(s) and issue one check payable to:
SHEET METAL WORKERS of NORTHERN CALIFORNIA PENSION TRUST FUND

Remit form(s) and payment to:
SHEET METAL WORKERS
ATTN: CONTRIBUTION DEPT.
PO BOX 45312
SAN FRANCISCO CA 94145-45312

4,985.24

If you have any questions, please call (925) 208-9994.

707 963 2264   Connie   Feb 18 08 10:30a   p.6

# SHEET METAL WORKERS of NORTHERN CALIFORNIA PENSION TRUST FUND
## EMPLOYER'S REPORT OF CONTRIBUTIONS

| MPLOYER NAME & ADDRESS | REPORTING DATES | FOR ADMINISTRATION USE ONLY |
|---|---|---|
| t: 326720  Phone: 707/942-1166  0666 | Local: 104 | Postmark Date: ___/___/___ |
| me: C R SCHELLENGER HVAC | For Work Performed During: 10/2007 ✓ | Deposit Date: ___/___/___ |
| dr: 1030 MAIN STREET #211 | Rate Code: 301 | Check Number: _____ |
| ST HELENA CA 94574 | Contribution Due: 11/10/2007 | Check Amount: _____ |
| | Delinquent if Received After: 11/20/2007 | Entered By: _____ |

**ONTRACT**

ea: 0666 NORTH BAY    Agreement: 20   A/C SPECIALIST
sso.: 81   SMACNA    Job Class: 501   A/C SPECIALIST 2

**RATE CODE 301**    **EMPLOYEE HOURS REPORTED**    *All hours reported should be the actual hours worked and not multiplied by .5, 1.5 or 2. Total Hours Worked includes straight hours worked, overtime hours, and double time hours.*

| | SOC. SEC. NUMBER | EMPLOYEE NAME (Last Name, First Name, Middle Initial) | STRAIGHT HOURS WORKED | OVERTIME HOURS | DOUBLE TIME HOURS | TOTAL HOURS WORKED | 130 MINIMUM HEALTH CARE HOURS |
|---|---|---|---|---|---|---|---|
| **otal Hours Worked Rate** | | | | | | | |
| Health .00 | 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 | OLIVER JR, TONY, D | 155.52 | 4.50 | ✕ | 160 | 160 |
| SHC .44 | | | | | | | |
| Nor Cal Pension 1.07 | | | | | | | |
| National Pension .58 | | | | | | | |
| Dues Check Off 1.28 | | | | | | | |
| Appr Train .98 | | | | | | | |
| SMOHIT .00 | | | | | | | |
| Industry Prom .65 | | | | | | | |
| Supp Pen 1 .50 | | | | | | | |
| Supp Pen 2 .00 ✓ | | | | | | | |
| Vacation 1.75 ✓ | | | | | | | |
| **Total 7.25** (1) | | | | | | | |
| **Overtime Hours Rate** | | | | | | | |
| Supp Pen 2 .000 | | | | | | | |
| Vacation .875 | | | | | | | |
| **Total .875** (2) | | | | | | | |
| **Double Time Hours Rate** | | | | | | | |
| Supp Pen 2 .00 | | | | | | | |
| Vacation 1.75 | | | | | | | |
| **Total 1.75** (3) | | | | | | | |
| **Minimum Health Care Hours Rate** | | | | | | | |
| Health 7.29 | | | | | | | |
| **Total 7.29** (4) | | | | | | | |

**EMPLOYER CERTIFICATION**

The Employer certifies that the information herein is correct; that this report covers all hours worked or paid during the period for which contributions are required under a written Contribution Agreement, such as written collective bargaining agreements with local unions of the Sheet Metal Workers International Association; and that all payments reported herein are made in accordance with said Contribution Agreements. The undersigned agrees to be bound by all of the terms of the applicable Trust Agreements, including specifically the provisions of each Trust Agreement describing liquidated damages for delinquencies and other obligations of Employers, and authorized the depository bank to transfer the moneys remitted herewith to the appropriate Trusts in accordance with instructions issued by the Trustees thereof and any Joint Services Agreement entered into. The undersigned hereby certifies under penalty of perjury that he or she is duly authorized by the above-named employer to sign and submit this report on behalf of such Employer.

Certifying Signature _____  Date _____  Title _____

☐ Check here if No Hours to report for Rate Code 301.
Please retain a copy of the form(s) for your records.

| | TOTAL HOURS: | | | | | |
|---|---|---|---|---|---|---|
| | MULTIPLY TOTAL HOURS BY RATE: | N/A | .875 (2) | 1.75 (3) | 7.25 (1) | 7.29 (4) |
| | AMOUNT DUE: | ✕ | 39.38 | ✕ | 1,160.00 | 1,166.49 |

RATE CODE 301 TOTAL AMOUNT DUE:

**REMITTANCE ADDRESS**

Total all form(s) and issue one check payable to:
SHEET METAL WORKERS of NORTHERN CALIFORNIA PENSION TRUST FUND

Remit form(s) and payment to:
SHEET METAL WORKERS
ATTN: CONTRIBUTION DEPT.
PO BOX 45312
SAN FRANCISCO CA 94145-45312

ADJUSTMENT (Note Reason) _____

EMPLOYER 326720 TOTAL AMOUNT DUE: (Check Amount) **2,326.40**

If you have any questions, please call (925) 208-9994.

# SHEET METAL WORKERS of NORTHERN CALIFORNIA PENSION TRUST FUND
## EMPLOYER'S REPORT OF CONTRIBUTIONS

**EMPLOYER NAME & ADDRESS**

rf#: 326720   Phone: 707/942-1166   0666
ame: C R SCHELLENGER HVAC
ddr: 1030 MAIN STREET #211
ST HELENA CA 94574

**REPORTING DATES**

| | |
|---|---|
| Local: | 104 |
| For Work Performed During: | 11/2007 |
| Rate Code: | 144 |
| Contribution Due: | 12/10/2007 |
| Delinquent if Received After: | 12/20/2007 |

**FOR ADMINISTRATION USE ONLY**

Postmark Date: ___/___/___
Deposit Date: ___/___/___
Check Number: _____
Check Amount: _____
Entered By: _____

**CONTRACT**

rea: 0666 NORTH BAY   Agreement: 70   SERVICE TECHNICIAN
sso.: 81   SMACNA   Job Class: 600   SERVICE TECHNICIAN 2

**RATE CODE 144**

**Total Hours Worked Rate**

| | |
|---|---|
| Health | .00 |
| SHC | .44 |
| Nor Cal Pension | 2.66 |
| National Pension | .89 |
| Dues Check Off | 1.20 |
| Appr Train | 1.00 |
| SMOHIT | .00 |
| Industry Prom | .85 |
| Supp Pen 1 | 1.50 |
| Supp Pen 2 | .00 |
| Vacation | 4.30 ✓ |
| Total | 12.64 (1) |

**Overtime Hours Rate**

| | |
|---|---|
| Supp Pen 2 | .000 |
| Vacation | 2.150 |
| Total | 2.150 (2) |

**Double Time Hours Rate**

| | |
|---|---|
| Supp Pen 2 | .00 |
| Vacation | 4.30 |
| Total | 4.30 (3) |

**Minimum Health Care Hours Rate**

| | |
|---|---|
| Health | 7.29 |
| Total | 7.29 (4) |

## EMPLOYEE HOURS REPORTED
*All hours reported should be the actual hours worked and not multiplied by .5, 1.5 or 2. Total Hours Worked includes straight hours worked, overtime hours, and double time hours.*

| SOC. SEC. NUMBER | EMPLOYEE NAME (Last Name, First Name, Middle Initial) | STRAIGHT HOURS WORKED | OVERTIME HOURS | DOUBLE TIME HOURS | TOTAL HOURS WORKED | 130 MINIMUM HEALTH CARE HOURS |
|---|---|---|---|---|---|---|
| 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 | GAUL, MICHAEL | 56 | | | 56 | 56 |
| 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 | MCBRIDE, SHAWN | 173 | | | 173 | 173 |
| | | | | | 229 | 229 |

## EMPLOYER CERTIFICATION

The Employer certifies that the information herein is correct; that this report covers all hours worked or paid during the period for which contributions are required under a written Contribution Agreement, such as written collective bargaining agreements with local unions of the Sheet Metal Workers International Association; and that all payments reported herein are made in accordance with said Contribution Agreements and the applicable Trust Agreements. The undersigned agrees to be bound by all of the terms of the applicable Trust Agreements, including specifically the provisions of each Trust Agreement describing liquidated damages for delinquencies and other obligations of Employers, and authorized the depository bank to transfer the moneys remitted herewith to the appropriate Trusts in accordance with instructions issued by the Trustees thereof and any Joint Services Agreement entered into. The undersigned certifies under penalty of perjury that he or she is duly authorized by the above-named employer to sign and submit this report on behalf of such Employer.

Certifying Signature   Date   Title

☐ Check here if No Hours to report for Rate Code 144.
Please retain a copy of the form(s) for your records.

| | STRAIGHT | N/A (2) 2.150 | (3) 4.30 | (1) 12.64 | (4) 7.29 |
|---|---|---|---|---|---|
| TOTAL HOURS: | | | | | |
| MULTIPLY TOTAL HOURS BY RATE: | N/A | 2.150 (2) | 4.30 (3) | 12.64 (1) | 7.29 (4) |
| AMOUNT DUE: | | | | 2894.56 | 1669.41 |

RATE CODE 144 TOTAL AMOUNT DUE: **4,563.97**

## REMITTANCE ADDRESS

Total all form(s) and issue one check payable to:
SHEET METAL WORKERS of NORTHERN
CALIFORNIA PENSION TRUST FUND

Remit form(s) and payment to:
SHEET METAL WORKERS
ATTN: CONTRIBUTION DEPT.
PO BOX 45312
SAN FRANCISCO CA 94145-45312

If you have any questions, please call (925) 208-9994.

# SHEET METAL WORKERS of NORTHERN CALIFORNIA PENSION TRUST FUND
## EMPLOYER'S REPORT OF CONTRIBUTIONS

| EMPLOYER NAME & ADDRESS | REPORTING DATES | FOR ADMINISTRATION USE ONLY |
|---|---|---|
| Erf: 326720  Phone: 707/942-1166  0666 | Local: 104 | Postmark Date: ____/____/____ |
| Name: C R SCHELLENGER HVAC | For Work Performed During: 11/2007 | Deposit Date: ____/____/____ |
| Addr: 1030 MAIN STREET #211 | Rate Code: 301 | Check Number: _____ |
| ST HELENA CA 94574 | Contribution Due: 12/10/2007 | Check Amount: _____ |
| | Delinquent If Received After: 12/20/2007 | Entered By: _____ |

## CONTRACT

Area: 0666 NORTH BAY      Agreement: 20  A/C SPECIALIST
Asso.: 81  SMACNA          Job Class: 501  A/C SPECIALIST 2

## RATE CODE 301

**EMPLOYEE HOURS REPORTED**  All hours reported should be the actual hours worked and not multiplied by .5, 1.5 or 2. Total Hours Worked includes straight hours worked, overtime hours, and double time hours.

**Total Hours Worked Rate**

| | |
|---|---|
| Health | .00 |
| SHC | .44 |
| Nor Cal Pension | 1.07 |
| National Pension | .58 |
| Dues Check Off | 1.28 |
| Appr Train | .98 |
| SMOHIT | .00 |
| Industry Prom | .65 |
| Supp Pen 1 | .50 |
| Supp Pen 2 | .00 |
| Vacation | 1.75 ✓ |
| Total | 7.25 (1) |

**Overtime Hours Rate**

| | |
|---|---|
| Supp Pen 2 | .000 |
| Vacation | .875 |
| Total | .875 (2) |

**Double Time Hours Rate**

| | |
|---|---|
| Supp Pen 2 | .00 |
| Vacation | 1.75 |
| Total | 1.75 (3) |

**Minimum Health Care Hours Rate**

| | |
|---|---|
| Health | 7.29 |
| Total | 7.29 (4) |

| SOC. SEC. NUMBER | EMPLOYEE NAME (Last Name, First Name, Middle Initial) | STRAIGHT HOURS WORKED | OVERTIME HOURS | DOUBLE TIME HOURS | TOTAL HOURS WORKED | 130 MINIMUM HEALTH CARE HOURS |
|---|---|---|---|---|---|---|
| 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 | OLIVER JR, TONY, D | 77 | ✓ | — | 77 | 77 |

## EMPLOYER CERTIFICATION

The Employer certifies that the information herein is correct; that this report covers all hours worked or paid during the period for which contributions are required under a written Contribution Agreement, such as written collective bargaining agreements with local unions of the Sheet Metal Workers International Association; and that all payments reported herein are made in accordance with said Contribution Agreements and the applicable Trust Agreements. The undersigned agrees to be bound by all of the terms of the applicable Trust Agreements, including specifically the provisions of each Trust Agreement describing liquidated damages for delinquencies and other obligations of Employers, and authorized the depository bank to transfer the moneys remitted herewith to the appropriate Trusts in accordance with instructions issued by the Trustees thereof and any Joint Services Agreement entered into. The undersigned certifies under penalty of perjury that he or she is duly authorized by the above-named employer to sign and submit this report on behalf of such Employer.

Certifying Signature _____ Date _____ Title _____

☐ Check here if No Hours to report for Rate Code 301.
Please retain a copy of the form(s) for your records.

| | TOTAL HOURS: | | | | | |
|---|---|---|---|---|---|---|
| | MULTIPLY TOTAL HOURS BY RATE: | N/A | .875 (2) | 1.75 (3) | 7.25 (1) | 7.29 (4) |
| | AMOUNT DUE: | 0 | — | — | 558.25 | 561.33 |

## REMITTANCE ADDRESS

Total all form(s) and issue one check payable to:
SHEET METAL WORKERS of NORTHERN CALIFORNIA PENSION TRUST FUND

Remit form(s) and payment to:
SHEET METAL WORKERS
ATTN: CONTRIBUTION DEPT.
PO BOX 45312
SAN FRANCISCO CA 94145-45312

RATE CODE 301 TOTAL AMOUNT DUE: _____

ADJUSTMENT (Note Reason) _____

EMPLOYER 326720 TOTAL AMOUNT DUE: (Check Amount) 1119.58

Page 1 of 1          If you have any questions, please call (925) 208-9994.

# SHEET METAL WORKERS of NORTHERN CALIFORNIA PENSION TRUST FUND
## EMPLOYER'S REPORT OF CONTRIBUTIONS

**EMPLOYER NAME & ADDRESS**

Eff: 326720  Phone: 707/942-1166  0666
Name: C R SCHELLENGER HVAC
Addr: 1030 MAIN STREET #211
ST HELENA CA 94574

**REPORTING DATES**

| | |
|---|---|
| Local: | 104 |
| For Work Performed During: | 12/2007 ✓ |
| Rate Code: | 144 |
| Contribution Due: | 01/10/2008 |
| Delinquent if Received After: | 01/20/2008 |

**FOR ADMINISTRATION USE ONLY**

Postmark Date: ____/____/____
Deposit Date: ____/____/____
Check Number: _____
Check Amount: _____
Entered By: _____

**CONTRACT**

Area: 0666 NORTH BAY    Agreement: 70    SERVICE TECHNICIAN
Asso.: 81  SMACNA    Job Class: 600    SERVICE TECHNICIAN 2

**RATE CODE 144**

Total Hours Worked Rate

| | |
|---|---|
| Health | .00 |
| SHC | .44 |
| Ncr Cal Pension | 2.66 |
| National Pension | .89 |
| Dues Check Off | 1.20 |
| Appr Train | 1.00 |
| SMOHIT | .00 |
| Industry Prom | .65 |
| Supp Pen 1 | 1.50 |
| Supp Pen 2 | .00 |
| Vacation | 4.30 |
| Total | 12.64 (1) |

Overtime Hours Rate

| | |
|---|---|
| Supp Pen 2 | .000 |
| Vacation | 2.150 |
| Total | 2.150 (2) |

Double Time Hours Rate

| | |
|---|---|
| Supp Pen 2 | .00 |
| Vacation | 4.30 |
| Total | 4.30 (3) |

Minimum Health Care Hours Rate

| | |
|---|---|
| Health | 7.29 |
| Total | 7.29 (4) |

**EMPLOYEE HOURS REPORTED**
All hours reported should be the actual hours worked and not multiplied by .5, 1.5 or 2. Total Hours Worked includes straight hours worked, overtime hours, and double time hours.

| SOC. SEC. NUMBER | EMPLOYEE NAME (Last Name, First Name, Middle Initial) | STRAIGHT HOURS WORKED | OVERTIME HOURS | DOUBLE TIME HOURS | TOTAL HOURS WORKED | 130 MINIMUM HEALTH CARE HOURS |
|---|---|---|---|---|---|---|
| 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 | GAUL, MICHAEL | no hrs to report |  |  |  |  |
| 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 | MCBRIDE, SHAWN | 157.75 | — |  | 157.75 | 157.75 |

**EMPLOYER CERTIFICATION**

The Employer certifies that the information herein is correct; that this report covers all hours worked or paid during the period for which contributions are required under a written Contribution Agreement, such as written collective bargaining agreements with local unions of the Sheet Metal Workers International Association; and that all payments reported herein are made in accordance with said Contribution Agreements and the applicable Trust Agreements. The undersigned agrees to be bound by all of the terms of the applicable Trust Agreements, including specifically the provisions of each Trust Agreement describing liquidated damages for delinquencies and other obligations of Employers, and authorized the depository bank to transfer the moneys remitted herewith to the appropriate Trusts in accordance with instructions issued by the Trustees thereof and any Joint Services Agreement entered into. The undersigned certifies under penalty of perjury, that he or she is duly authorized by the above-named employer to sign and submit this report on behalf of such Employer.

Certifying Signature _____  Date _____  Title _____

☐ Check here if No Hours to report for Rate Code 144.
Please retain a copy of the form(s) for your records.

| | STRAIGHT | OVERTIME | DOUBLE TIME | TOTAL | 130 MIN HC |
|---|---|---|---|---|---|
| TOTAL HOURS: | | | | | |
| MULTIPLY TOTAL HOURS BY RATE: | N/A | 2.150 (2) | 4.30 (3) | 12.64 (1) | 7.29 (4) |
| AMOUNT DUE: | | | | 1,993.90 | 1,150.00 |

RATE CODE 144 TOTAL AMOUNT DUE: 3,143.96

**REMITTANCE ADDRESS**

Total all form(s) and issue one check payable to:
SHEET METAL WORKERS OF NORTHERN
CALIFORNIA PENSION TRUST FUND

Remit form(s) and payment to:
SHEET METAL WORKERS
ATTN: CONTRIBUTION DEPT.
PO BOX 45312
SAN FRANCISCO CA 94145-45312

Page 1 of 1

If you have any questions, please call (925) 208-9994.

19.93