UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS, et al.,) | ) ) | |
| Plaintiff(s), | ) ) | No. C 08-0306 BZ |
| v. | ) ) | |
| C.R. SCHELLENGER HVAC INC., a California Corporation, | ) ) ) | **CLERK'S NOTICE REGARDING TENTATIVE RULING** |
| Defendant(s). | ) ) ) | |
| _____ | ) | |

    Attached to this Clerk's Notice is a tentative report and
recommendation on the plaintiffs' Motion For Default Judgment.
Plaintiffs shall serve a copy of this notice and the tentative
ruling on defendant at its last known address, by no later
than **July 30, 2008.**  Any party who wishes to contest this
tentative ruling must notify the court in writing by
**August 8, 2008**.  If neither party contests the tentative
ruling, it will be finalized and the hearing presently
scheduled for **August 13, 2008 at 10:00 a.m.** will be **VACATED**.
If either party contests the tentative ruling, the hearing

will proceed as scheduled on **August 13, 2008 at 10:00 a.m.** in

Courtroom G, 15th Floor, Federal Building, 450 Golden Gate

Avenue, San Francisco, California 94102.

Dated:  July 24, 2008

Rose Maher – Deputy Clerk to
Magistrate Judge Bernard Zimmerman

G:\BZALL\-BZCASES\BD OF TRUSTEES V SCHELLENGER\TENTATIVE RULE. CLERKS NOTICE.wpd

1        **TENTATIVE RULING**

2

3

4

5

6

7

8

9            UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11

12  BOARD OF TRUSTEES OF THE    )
    SHEET METAL WORKERS, et al., )
13                              )        No. C08-0306 BZ
              Plaintiff(s),     )
14                              )        **REPORT AND RECOMMENDATION ON**
         v.                     )        **PLAINTIFFS' MOTION FOR ENTRY**
15                              )        **OF DEFAULT JUDGMENT**
    C R SCHELLENGER H V A C     )
16  INC., a California          )
    corporation,                )
17                              )
              Defendant(s).     )
18                              )
    _____)
19
         Before me is plaintiffs' motion for entry of default
20
    judgment against defendant C R Schellenger H V A C, Inc.
21
    ("Schellenger").  Schellenger has never appeared in this action
22
    and did not respond to plaintiffs' motion.  As Schellenger has
23
    not consented to my jurisdiction, I will have the case
24
    reassigned.  The following is a report and recommendation for
25
    entry of default judgment.
26
         On January 16, 2008, plaintiffs filed a complaint under §
27
    301 of the Labor Management Relations Act of 1947 ("LMRA"), 29
28

                              1

# **TENTATIVE RULING**

U.S.C. § 185(a), and § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132.  The complaint alleges that defendant violated a collective bargaining agreement and certain trust agreements with the Sheet Metal Workers Local Union No. 104.  Compl. ¶ 1. Specifically, the complaint alleges that defendant was bound by a collective bargaining agreement with the Board of Trustees of the Sheet Metal Workers that required defendant to make contributions to the Board of Trustees of the Sheet Metal Workers Health Care Plan of Northern California, Sheet Metal Workers Pension Trust of Northern California, Sheet Metal Workers Local 104 Vacation, and Holiday Savings Plan ("Trust Funds") on behalf of defendant's employees.  Compl. ¶ 5. Plaintiffs allege that defendant is delinquent in its obligations to the Trust Funds, and seek to recover employee benefit contributions, liquidated damages and interest for the months of October through January 2008, totaling $34,229.65, attorneys' fees and costs in the amount of $1,055.00.  Although plaintiffs do not seek to audit the books and records of defendant at this time, they seek to reserve the right to audit in the future.

Plaintiffs effected service of process on February 6, 2008.  Schellenger failed to answer the complaint or otherwise defend the action.  On March 27, 2008, upon plaintiffs' request, the clerk of this court entered Schellenger's default under Rule 55(a).  By its default, Schellenger is deemed to have admitted the well-pleaded averments of the complaint

# TENTATIVE RULING

except those as to the amount of damages.  <u>See</u> Fed. R. Civ. P. 8(d).

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service.  <u>See</u> Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521.  Schellenger, as a corporation, is not subject to these limitations.

Pursuant to Rule 55(b)(2), the court may enter a default judgment against a party against whom default has been entered. The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the court.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  A formal hearing is not required for a court to render a default judgment.  <u>Davis v. Fendler</u>, 650 F.2d 1154 (9th Cir. 1981).

Section 1132(g) of ERISA provides that in an action to enforce payment of delinquent contributions:

> the court shall award the plan -
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
>     (I)interest on  the  unpaid  contributions,
>     or(ii)liquidated damages provided for under he
>     plan in an amount not in excess of 20 percent...
>     of  the  amount  determined  by  the  court  under
>     subparagraph (A),
> (D) reasonable attorney's fees and costs.

29 U.S.C. § 1132(g)(2).  An award under section 1132(g)(2) is mandatory if:  (1) the employer is delinquent at the time the action is filed; (2) the district court has entered a judgment against the employer; and (3) the plan provides for such an award.  <u>Northwest Adm'rs, Inc. v. Albertson's, Inc.</u>, 104 F.3d

3

**TENTATIVE RULING**

253, 257 (9th Cir. 1996)(citing <u>Idaho Plumbers and Pipefitters</u>
<u>Health and Welfare Fund v. United Mechanical Contractors, Inc.</u>,
875 F.2d 212, 215 (9th Cir. 1989)).  A mandatory award is
available under section 1132(g)(2) "notwithstanding the
defendant's post-suit, pre-judgment payment of the delinquent
contributions."  <u>Northwest Adm'rs, Inc.</u>, 104 F.3d at 258
(quoting <u>Carpenters Amended and Restated Health Benefit Fund v.</u>
<u>John W. Ryan Constr. Co., Inc.</u>, 767 F.2d 1170, 1175 (5th Cir.
1985)); <u>see also</u> <u>Iron Workers Dist. Council v. Hudson Steel</u>
<u>Fabricators & Erectors, Inc.</u>, 68 F.3d 1502, 1507 (2nd Cir.
1995); <u>Bd. of Trs. of the Sheet Metal Workers v. Gen.</u>
<u>Facilities, Inc.</u>, 2003 WL 1790837, at *2 (N.D. Cal. March 31,
2003)(citing <u>Carpenters & Joiners Welfare Fund v. Gittleman</u>
<u>Corp.</u>, 857 F.2d 476, 478 (8th Cir. 1988)).  "[A] plaintiff may
receive judgment for contributions which became due after the
lawsuit was filed and remain unpaid at the time of judgment."
<u>Bd. of Trs. of the Sheet Metal Workers</u>, 2003 WL 1790837, at *2.
Plaintiffs have satisfied the statutory requirements and are
entitled to an award under section 1132(g).  <u>See</u> <u>Iron Workers</u>
<u>Dist. Council</u>, 68 F.3d at 1507.

Plaintiffs have the burden of proving damages through
testimony or written affidavit.  To prove damages, plaintiffs
have submitted a declaration from Bonnie Maraia, the Supervisor
Representative of the administrators for the Trust Fund, and
custodian of the books and records for the Trust Fund.  <u>See</u>
Maraia Decl. ¶ 1.

The Maraia Declaration establishes that defendant failed

4

1

# **TENTATIVE RULING**

2 to make contributions to the Trust Funds for the months of

3 October 2007 through January 2008, as required by the

4 collective bargaining agreement with the Board of Trustees of

5 the Sheet Metal Workers.  Unpaid contributions remain in the

6 amount of $25,991.54.  Maraia Decl., Exh. 3.  I recommend that

7 plaintiffs recover this amount from defendant.

8      Plaintiffs additionally sought $5,758.34 in liquidated

9 damages because the contributions were not received in a timely

10 manner.  Section 1132(g)(2)(C)(ii) provides that plaintiffs may

11 recover "liquidated damages provided for under the plan in an

12 amount not in excess of 20 percent."  See 29 U.S.C. §

13 1132(g)(2)(C).  Section II of the procedures adopted by the

14 Board of Trustees of the Trust Fund provides for liquidated

15 damages at 20% once the matter has been referred to legal

16 counsel.  See Maraia Decl., Exh. 2.  Plaintiffs have

17 demonstrated that they are entitled to liquidated damages on

18 the unpaid or the delinquent contributions for the months of

19 October through January 2008.  See Maraia Decl., Exh. 2.  As

20 the amount plaintiffs seek is permitted by contract and

21 statute, I recommend that plaintiffs recover $5,758.34 in

22 liquidated damages from defendant.

23      Plaintiffs also request $2,479.77 in interest on the

24 contributions for the time they were delinquent and on the

25 unpaid contributions.  Under section 1132(g)(2)(B), the Trust

26 Fund may recover interest on unpaid contributions.  See 29

27 U.S.C. § 1132(g)(2)(B).  Interest is calculated based on the

28 rate provided for under the plan, or, if no rate is specified,

1

## **TENTATIVE RULING**

2  the rate prescribed under section 6621 of Title 26.  <u>See</u> 29

3  U.S.C. § 1132(g)(2).  The Trust Agreement states that "both the

4  contribution and the liquidated damages attributable thereto

5  shall bear interest at a rate to be determined from time to

6  time by resolution of the board."  Maraia Decl., Exh. 2.  On

7  June 1, 2001 the board adopted a 15% interest rate.  Carroll

8  Decl., Exh. 6.  Because the plan specifies a rate of 15%,

9  plaintiffs are entitled to $2479.77 in interest.  Maraia Decl.,

10 Exh. 3.  I recommend that plaintiffs' recover this amount from

11 defendant.

12      Plaintiffs further request that the court enter a judgment

13 reserving their rights to audit defendant for any periods not

14 previously audited, including for the same time period covered

15 in this default judgment, and to collect by subsequent legal

16 action any sum found to be due after an audit.  For the reasons

17 cited in this court's Report and Recommendation in <u>Board of</u>

18 <u>Trustees of the Bay Area Roofers Health v. Ace Roofing Company</u>,

19 2005 WL 3497820, at *4-5 (N.D. Cal. June 16, 2005), I recommend

20 plaintiffs' request for entry of such a judgment be **DENIED.**

21 <u>See also</u> <u>Barbera v. J F H Mak Trucking, Inc.</u>, 2007 WL 1827833,

22 at *3 (E.D. N.Y. June 22, 2007).

23      Plaintiffs also seek $555.00 in attorneys' fees and

24 $500.00 in costs.  Reasonable attorneys' fees and costs of the

25 action may be awarded if the Trust Fund receives a judgment in

26 its favor.  <u>See</u> 29 U.S.C. 1132(g)(2)(D).  Plaintiffs' counsel

27 calculates that through July 8, 2008, he spent in excess of 3

28 hours prosecuting this action at a rate of $185.00 per hour.

# **TENTATIVE RULING**

Carroll Decl. ¶ 5.  His time primarily consisted of preparing the Ex Parte Application to Continue Case Management Conference, the Motion for Entry of Default with Supporting Declaration and Plaintiffs' Motion for Default Judgment and Attorneys' Fees.  <u>Id.</u>  This time was reasonable and necessary to obtain a default judgment in plaintiffs' favor, and is therefore recoverable.  <u>See</u> 29 U.S.C. 1132(g)(2)(D).  The rate charged is reasonable in relation to the work performed.  <u>See</u> <u>id.</u>  Plaintiffs also incurred $500.00 in costs, consisting of filing fees and costs associated with service of process.  <u>See</u> Carroll Decl. ¶ 2.  Plaintiffs' request for $555.00 in attorneys' fees and $500.00 in costs is reasonable and I recommend it be **GRANTED.**

       For the foregoing reasons, I recommend that judgment be entered in plaintiffs' favor against defendant for a total award of $35,284.65.  This amount includes: $25,991.54 in unpaid contributions, $2,479.77 in interest on unpaid or delinquent contributions, $5,758.34 in liquidated damages, $555.00 in attorneys' fees and $500.00 in costs.

Dated: July 24, 2008

                                     _____
                                        Bernard Zimmerman
                                     United States Magistrate Judge

G:\BZALL\-BZCASES\BD OF TRUSTEES V SCHELLENGER\REPORT AND RECOMMENDATION ON
PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT.TENTATIVE RULING.wpd