1    ERSKINE & TULLEY
    A PROFESSIONAL CORPORATION
2    MICHAEL J. CARROLL (St. Bar #50246)
    220 Montgomery Street, Suite 303
3    San Francisco, CA  94104
    Telephone:  (415) 392-5431
4
    Attorneys for Plaintiff
5

6

7

8
                UNITED STATES DISTRICT COURT
9
             NORTHERN DISTRICT OF CALIFORNIA
10

11

12

13    BOARD OF TRUSTEES OF THE SHEET     )   NO. C 08 0306 BZ
    METAL WORKERS, et al.               )
14                                     )
                   Plaintiff,     )
15                                     )
         vs.                   )
16                                     )    PROOF OF SERVICE
    C.R. SCHELLENGER HVAC INC., a        )
17    California Corporation,             )
                                    )
18                    Defendant.     )
19    ─────────────────────────────── )

20         I, SHARON EASTMAN, declare:

21            That I was at the time of service of the document herein

22 referred to over the age of eighteen years and not a party to the

23 within action.  On July 16, 2008 I served a copy of the court's

24 "CLERK'S NOTICE REGARDING TENTATIVE RULING DATED 7/24/08 DOCUMENT 21

25 AND 21-2" on the defendant by placing a true copy thereof enclosed in

26 a sealed envelope with postage thereon fully prepaid, in the United

27 States post office mail box at San Francisco, California addressed as

28 follows:

                      PROOF OF SERVICE
                           1

1  C.R. Schellenger HVAC Inc.
   Alex and Connie Schellenger
2  11 Terrace Drive
   Calistoga, CA 94515
3
         I declare under penalty of perjury that the foregoing is
4
   true and correct.
5
         Executed on July 24, 2008 at San Francisco, California.
6

7

8                          Sharon Eastman

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   BOARD OF TRUSTEES OF THE      )
     SHEET METAL WORKERS, et al.,) 
12                                 )    No. C 08-0306 BZ
               Plaintiff(s),       )
13                                 )
          v.                       )
14                                 )    **CLERK'S NOTICE REGARDING**
     C.R. SCHELLENGER HVAC INC., ) **TENTATIVE RULING**
15   a California Corporation,     )
                                   )
16             Defendant(s).       )
                                   )
17                                 )
                                   )
18   _____)

19        Attached to this Clerk's Notice is a tentative report and

20   recommendation on the plaintiffs' Motion For Default Judgment.

21   Plaintiffs shall serve a copy of this notice and the tentative

22   ruling on defendant at its last known address, by no later

23   than **July 30, 2008.**  Any party who wishes to contest this

24   tentative ruling must notify the court in writing by

25   **August 8, 2008.**  If neither party contests the tentative

26   ruling, it will be finalized and the hearing presently

27   scheduled for **August 13, 2008 at 10:00 a.m.** will be **VACATED.**

28   If either party contests the tentative ruling, the hearing

                                1

1  will proceed as scheduled on **August 13, 2008 at 10:00 a.m.** in

2  Courtroom G, 15th Floor, Federal Building, 450 Golden Gate

3  Avenue, San Francisco, California 94102.

4  Dated:   July 24, 2008

5  _____
   *Rose Maher*

   Rose Maher - Deputy Clerk to
6  Magistrate Judge Bernard Zimmerman

7

8

9

10  G:\BZALL\-BZCASES\BD OF TRUSTEES V SCHELLENGER\TENTATIVE RULE. CLERKS NOTICE.wpd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TENTATIVE RULING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS, et al., ) ) ) Plaintiff(s), ) ) v. ) ) C R SCHELLENGER H V A C INC., a California corporation, ) ) ) ) Defendant(s). ) ) ) | No. C08-0306 BZ **REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT** |

Before me is plaintiffs' motion for entry of default judgment against defendant C R Schellenger H V A C, Inc. ("Schellenger"). Schellenger has never appeared in this action and did not respond to plaintiffs' motion. As Schellenger has not consented to my jurisdiction, I will have the case reassigned. The following is a report and recommendation for entry of default judgment.

On January 16, 2008, plaintiffs filed a complaint under § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29

1

# TENTATIVE RULING

U.S.C. § 185(a), and § 502 of the Employee Retirement Income
Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132.  The
complaint alleges that defendant violated a collective
bargaining agreement and certain trust agreements with the
Sheet Metal Workers Local Union No. 104.  Compl. ¶ 1.
Specifically, the complaint alleges that defendant was bound by
a collective bargaining agreement with the Board of Trustees of
the Sheet Metal Workers that required defendant to make
contributions to the Board of Trustees of the Sheet Metal
Workers Health Care Plan of Northern California, Sheet Metal
Workers Pension Trust of Northern California, Sheet Metal
Workers Local 104 Vacation, and Holiday Savings Plan ("Trust
Funds") on behalf of defendant's employees.  Compl. ¶ 5.
Plaintiffs allege that defendant is delinquent in its
obligations to the Trust Funds, and seek to recover employee
benefit contributions, liquidated damages and interest for the
months of October through January 2008, totaling $34,229.65,
attorneys' fees and costs in the amount of $1,055.00.  Although
plaintiffs do not seek to audit the books and records of
defendant at this time, they seek to reserve the right to audit
in the future.

Plaintiffs effected service of process on February 6,
2008.  Schellenger failed to answer the complaint or otherwise
defend the action.  On March 27, 2008, upon plaintiffs'
request, the clerk of this court entered Schellenger's default
under Rule 55(a).  By its default, Schellenger is deemed to
have admitted the well-pleaded averments of the complaint

# TENTATIVE RULING

except those as to the amount of damages. <u>See</u> Fed. R. Civ. P. 8(d).

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. <u>See</u> Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521. Schellenger, as a corporation, is not subject to these limitations.

Pursuant to Rule 55(b)(2), the court may enter a default judgment against a party against whom default has been entered. The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the court. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). A formal hearing is not required for a court to render a default judgment. <u>Davis v. Fendler</u>, 650 F.2d 1154 (9th Cir. 1981).

Section 1132(g) of ERISA provides that in an action to enforce payment of delinquent contributions:

> the court shall award the plan -
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of -
>     (I)interest on the unpaid contributions,
>     or(ii)liquidated damages provided for under he
>     plan in an amount not in excess of 20 percent...
>     of the amount determined by the court under
>     subparagraph (A),
> (D) reasonable attorney's fees and costs.

29 U.S.C. § 1132(g)(2). An award under section 1132(g)(2) is mandatory if: (1) the employer is delinquent at the time the action is filed; (2) the district court has entered a judgment against the employer; and (3) the plan provides for such an award. <u>Northwest Adm'rs, Inc. v. Albertson's, Inc.</u>, 104 F.3d

1   **TENTATIVE RULING**

2   253, 257 (9th Cir. 1996)(citing <u>Idaho Plumbers and Pipefitters</u>

3   <u>Health and Welfare Fund v. United Mechanical Contractors, Inc.</u>,

4   875 F.2d 212, 215 (9th Cir. 1989)).  A mandatory award is

5   available under section 1132(g)(2) "notwithstanding the

6   defendant's post-suit, pre-judgment payment of the delinquent

7   contributions."  <u>Northwest Adm'rs, Inc.</u>, 104 F.3d at 258

8   (quoting <u>Carpenters Amended and Restated Health Benefit Fund v.</u>

9   <u>John W. Ryan Constr. Co., Inc.</u>, 767 F.2d 1170, 1175 (5th Cir.

10  1985)); <u>see also Iron Workers Dist. Council v. Hudson Steel</u>

11  <u>Fabricators & Erectors, Inc.</u>, 68 F.3d 1502, 1507 (2nd Cir.

12  1995); <u>Bd. of Trs. of the Sheet Metal Workers v. Gen.</u>

13  <u>Facilities, Inc.</u>, 2003 WL 1790837, at *2 (N.D. Cal. March 31,

14  2003)(citing <u>Carpenters & Joiners Welfare Fund v. Gittleman</u>

15  <u>Corp.</u>, 857 F.2d 476, 478 (8th Cir. 1988)).  "[A] plaintiff may

16  receive judgment for contributions which became due after the

17  lawsuit was filed and remain unpaid at the time of judgment."

18  <u>Bd. of Trs. of the Sheet Metal Workers</u>, 2003 WL 1790837, at *2.

19  Plaintiffs have satisfied the statutory requirements and are

20  entitled to an award under section 1132(g).  <u>See Iron Workers</u>

21  <u>Dist. Council</u>, 68 F.3d at 1507.

22       Plaintiffs have the burden of proving damages through

23  testimony or written affidavit.  To prove damages, plaintiffs

24  have submitted a declaration from Bonnie Maraia, the Supervisor

25  Representative of the administrators for the Trust Fund, and

26  custodian of the books and records for the Trust Fund.  <u>See</u>

27  Maraia Decl. ¶ 1.

28       The Maraia Declaration establishes that defendant failed

4

# TENTATIVE RULING

to make contributions to the Trust Funds for the months of
October 2007 through January 2008, as required by the
collective bargaining agreement with the Board of Trustees of
the Sheet Metal Workers.  Unpaid contributions remain in the
amount of $25,991.54.  Maraia Decl., Exh. 3.  I recommend that
plaintiffs recover this amount from defendant.

Plaintiffs additionally sought $5,758.34 in liquidated
damages because the contributions were not received in a timely
manner.  Section 1132(g)(2)(C)(ii) provides that plaintiffs may
recover "liquidated damages provided for under the plan in an
amount not in excess of 20 percent." See 29 U.S.C. §
1132(g)(2)(C).  Section II of the procedures adopted by the
Board of Trustees of the Trust Fund provides for liquidated
damages at 20% once the matter has been referred to legal
counsel.  See Maraia Decl., Exh. 2.  Plaintiffs have
demonstrated that they are entitled to liquidated damages on
the unpaid or the delinquent contributions for the months of
October through January 2008.  See Maraia Decl., Exh.  2.  As
the amount plaintiffs seek is permitted by contract and
statute, I recommend that plaintiffs recover $5,758.34 in
liquidated damages from defendant.

Plaintiffs also request $2,479.77 in interest on the
contributions for the time they were delinquent and on the
unpaid contributions.  Under section 1132(g)(2)(B), the Trust
Fund may recover interest on unpaid contributions.  See 29
U.S.C. § 1132(g)(2)(B).  Interest is calculated based on the
rate provided for under the plan, or, if no rate is specified,

5

# TENTATIVE RULING

the rate prescribed under section 6621 of Title 26.  See 29

U.S.C. § 1132(g)(2).  The Trust Agreement states that "both the

contribution and the liquidated damages attributable thereto

shall bear interest at a rate to be determined from time to

time by resolution of the board."  Maraia Decl., Exh. 2.  On

June 1, 2001 the board adopted a 15% interest rate.  Carroll

Decl., Exh. 6.  Because the plan specifies a rate of 15%,

plaintiffs are entitled to $2479.77 in interest.  Maraia Decl.,

Exh. 3.  I recommend that plaintiffs' recover this amount from

defendant.

Plaintiffs further request that the court enter a judgment

reserving their rights to audit defendant for any periods not

previously audited, including for the same time period covered

in this default judgment, and to collect by subsequent legal

action any sum found to be due after an audit.  For the reasons

cited in this court's Report and Recommendation in Board of

Trustees of the Bay Area Roofers Health v. Ace Roofing Company,

2005 WL 3497820, at *4-5 (N.D. Cal. June 16, 2005), I recommend

plaintiffs' request for entry of such a judgment be DENIED.

See also Barbera v. J F H Mak Trucking, Inc., 2007 WL 1827833,

at *3 (E.D. N.Y. June 22, 2007).

Plaintiffs also seek $555.00 in attorneys' fees and

$500.00 in costs.  Reasonable attorneys' fees and costs of the

action may be awarded if the Trust Fund receives a judgment in

its favor.  See 29 U.S.C. 1132(g)(2)(D).  Plaintiffs' counsel

calculates that through July 8, 2008, he spent in excess of 3

hours prosecuting this action at a rate of $185.00 per hour.

# TENTATIVE RULING

Carroll Decl. ¶ 5.  His time primarily consisted of preparing the Ex Parte Application to Continue Case Management Conference, the Motion for Entry of Default with Supporting Declaration and Plaintiffs' Motion for Default Judgment and Attorneys' Fees.  Id.  This time was reasonable and necessary to obtain a default judgment in plaintiffs' favor, and is therefore recoverable.  See 29 U.S.C. 1132(g)(2)(D).  The rate charged is reasonable in relation to the work performed.  See id.  Plaintiffs also incurred $500.00 in costs, consisting of filing fees and costs associated with service of process.  See Carroll Decl. ¶ 2.  Plaintiffs' request for $555.00 in attorneys' fees and $500.00 in costs is reasonable and I recommend it be **GRANTED**.

For the foregoing reasons, I recommend that judgment be entered in plaintiffs' favor against defendant for a total award of $35,284.65.  This amount includes: $25,991.54 in unpaid contributions, $2,479.77 in interest on unpaid or delinquent contributions, $5,758.34 in liquidated damages, $555.00 in attorneys' fees and $500.00 in costs.

Dated: July 24, 2008

_____
                    Bernard Zimmerman
                    United States Magistrate Judge

G:\BZALL\-BZCASES\BD OF TRUSTEES V SCHELLENGER\REPORT AND RECOMMENDATION ON
PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT.TENTATIVE RULING.wpd