1  ALEX & CONNIE SCHELLENGER
   CR SCHELLENGER HVAC
2  11 Terrace Drive
   Calistoga, California 94515
3  Telephone: (707) 942-1166




RECEIVED
JUL 29 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
JUL 29 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA



| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS et al, | No. C 08 0306 BZ |
|---|---|
| Plaintiffs, | **NOTICE OF CONTEST OF TENTATIVE RULING & MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR DEFAULT JUDGMENT** |
| vs. | |
| CR SCHELLENGER HVAC INC etc | |
| Defendants. | Date: August 13, 2008<br>Time : 10:00 am<br>Honorable Bernard Zimmerman<br>Courtroom G |

### INTRODUCTION

Plaintiff seeks to recover employee contributions, liquidated damages and interest for the months of October 2007 through 2008 for one account and October through December 2007 for another account. The amount alleged to be due is $34,229.65, but Plaintiffs have failed to acknowledge several payments. Plaintiffs are not entitled to the default judgment as alleged because the agreements they rely on have expired and are not legally effective. Even if the agreements were applicable, Plaintiffs have failed to demonstrate that they have complied with the notice and collection terms of the agreements to enable them to obtain liquidated damages, interest, costs and attorneys fees. Therefore, Defendant contests the tentative ruling and opposes imposition of a default judgment as proposed

1

## FACTUAL BACKGROUND

Defendant recognizes its obligation to make contributions to the trust fund. Unfortunately, Defendant, a very small company, has fallen on hard economic times and is struggling to keep its door open. It has become so bad that Defendant could not expend the substantial funds required by an attorney to address the claims put forward by Mr. Carroll and his client. In addition, several of the personnel supplied by the union were either not competent and qualified or unwilling to commute from the Bay Area t o the job sites in Napa County and Sonoma County. Numerous failures and errors by some of these personnel cost defendant substantial time, effort and dollars to address. They have offered to make payments of $1400 per month to bring their obligation down over time.

In response to this dire situation, Alex Schellenger and Connie Schellenger communicated numerous times with representatives from the Board of trustees and Mr. Carroll regarding the potential for setting up a payment plan through a stipulation of entry of judgment should payment not be made. Defendant then understood that a stipulation would be prepared and entered into to avoid having a judgment with excessive costs and fees imposed. Thus, it came as a great surprise to receive in the mail a request for entry of default and now this motion for default judgment. This is totally contrary to the tenure of the discussions with the union and its attorney. At not time did Plaintiff's counsel advise defendant's representatives that it intended to seek entry of judgment prior to sending in its request to the court.

At the same time, Defendant has been making back payments to the union even though a formal written stipulation was never presented for defendant to review.

Now, to add insult to injury, Plaintiff attempts to impose flagrantly excessive liquidated damages and interest and costs, even though its own supporting documents make it clear that these claims are completely improper and unsupported. Therefore, Defendant requests that no judgment be entered, that the parties be allowed to discuss and enter into a stipulation as originally contemplated or that Defendant be allowed to defend the claims on the basis that the contracts relied upon are no longer effective legally.

## ARGUMENT

**THE STANDARD FORM OF UNION AGREEMENT RELIED UPON BY PLAINTIFF EXPIRED ON JUNE 30, 2006 AND THEREFORE ITS TERMS CANNOT BE RELIED UPON TO IMPOSE DAMAGES, LIQUIDATED DAMAGES OR INTEREST PENALTIES.**

Apparently, counsel for Plaintiff assumes that this court will not take the time to actually read the collective bargaining agreement provisions submitted into evidence. Even though Plaintiff devotes considerable time in arguing that Defendant is bound by the agreements and that they remain in full force and effect, the contract provisions actually support Defendant.

At page 2 of the Declaration of Bonnie Maraia, under paragraph number 2, it is argued that "defendant has not denied the execution of this contract, in fact defendant has paid contributions to the Trust Funds as required by agreement." At page 2 of the declaration of Carl Sanchez, Mr. Sanchez argues that "These agreements remain in full force and effect." This appears to be a legal conclusion (improper) which is not supported by the agreements themselves.

It is true that the agreements were signed. Defendant does not deny execution. However, execution is completely irrelevant. The Affirmation Agreement attached to last page of collective bargaining agreement ( Exhibit 1 to the Declaration of Carl Sanchez) makes is quite clear that the Standard Form of Union Agreement and each of its terms is only effective to **June 30, 2006.** Thus, Plaintiff by its own admission, has demonstrated that the terms of the collective bargaining agreement cannot apply to obligations in 2007 and 2008. This is important because there are draconian liquidated damage provisions and interest provisions which simply cannot be enforced. Thus, the liquidated damages and other penalties sought by Plaintiff are not proper and should not be included in any judgment.

**NO LIQUIDATED DAMAGES SHOULD BE ALLOWED BECAUSE PLAINTIFF FAILED TO COMPLY WITH UNION COLLECTION PROVISIONS**

At page 3 of the Declaration of Bonnie Maraia, under paragraph number 7, it is argued liquidated damages have been determined using the "collection procedures as amended effective January 1, 1996 by Appendix D."   However, the collection procedures attached as Exhibit 2 to the Declaration of Bonnie Maraia require that the "collection Attorney will send demand letter

3

unless previously advised by the Plan office that the account (including 10% liquidated damages) is completely current." Contrary to Plaintiff's own contractual provisions, however, no written demand letter was ever sent so as to trigger the penalty provisions which Plaintiff now relies on. In fact in the Declaration of Michael J. Carroll, at page 2, paragraph 3, he admits that "demand for payment was made by me by telephone contact with Alex Schellenger on December 19, 2007." This of course is a complete failure to put defendants on notice regarding the potential exposure to liquidated damages and interest penalties now sought by Plaintiff. Plaintiff rightfully set up procedures to ensure due process and then failed to abide by those important procedures to ensure that defendants were put on notice of the penalties they could face.

This is a failure of due process and a breach of the contractual provisions.

### NO INTEREST SHOULD BE ALLOWED BECAUSE PLAINTIFF FAILED TO ENSURE THAT IT LEGAL COUNSEL PROVIDED A WRITTEN DEMAND

At page 2 of the Declaration of Michael J. Carroll, paragraph 7, Mr. Carroll states that the trust agreement provides that "both contribution and liquidated damages attributable thereto shall bear interest at a rate to be determined from time to time by resolution of the Board..." However, Mr. Carroll only attaches minutes of a meeting indicating that the trustees re-adopted a 15% interest rate. Minutes, of course are not the equivalent of a Board Resolution. The Trust Agreement, by Mr. Carroll's own admission, requires a Board Resolution, not simply minutes of a meeting. Therefore, it is not proper to impose interest at the rate of 15%, or any other interest rate.

### PLAINTIFF REPEATEDLY BREACHED THE AGREEMENT BY FAILING TO FURNISH QUALIFIED WORKERS.

On Page 1 of the Standard Form of Union Agreement attached as Exhibit 1 to the Declaration of Carl Sanchez, under Article IV, Plaintiff promised to" furnish duly qualified journeymen, apprentice and pre-apprentice sheet metal workers..." Plaintiff repeatedly failed to furnish qualified workers, and defendant's business suffered tremendously as a result.

### LEGAL STATUTES AND CASES SUPPORTING OPPOSITION TO DEFAULT JUDGMENT AND SETTING ASIDE DEFAULT JUDGMENT

4

Federal Rules of Civil Procedure Rule 60 states in relevant part:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under **Rule 59(b)**;
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**
(1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
(2) *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

**(d) Other Powers to Grant Relief.** This rule does not limit a court's power to:
(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
(2) grant relief under **28 U.S.C. § 1655** to a defendant who was not personally notified of the action; or
(3) set aside a judgment for fraud on the court.

Opposition to a motion for a default judgment can be treated as a motion to set aside entry of default despite the absence of a formal motion under this rule. *Meehan v. Snow,* C.A.2 (N.Y.) 1981, 652 F.2d 274. Defendants therefore request that the court consider this opposition as a motion to set aside.

Three factors govern whether relief from a default judgment is available: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct on the part of the defendant led to the default. *Simmons v. Ohio Civil Service Emp. Assoc.,* S.D.Ohio 2003, 259 F.Supp.2d 677. Defendant's inability to retain counsel due to either lack of the funds or conflicts of interest, despite reasonable attempts, was good cause for defendant's delay, for purposes of determining whether entry of default should be set aside. **Allen Russell Pub., Inc. v. Levy,** N.D.Ill.1985, 109 F.R.D. 315. As set forth above, Defendant does have a

5

meritorious case based on the contract provisions submitted by Plaintiff in support of its motion. Moreover, Defendant could not afford a lawyer and relied on statements by Plaintiff and its counsel giving indication that payment schedule could be arranged through a stipulation.

While hope of settlement did not justify failure to obtain an extension of time to answer, and even though four months had elapsed between time service was obtained and entry of default without an answer having been filed and without any request having been made for an extension of time in which to answer, since a trial on the merits was to be preferred to a default, entry of default would be set aside. ***Mitchell v. Eaves*, E.D.Tenn.1959, 24 F.R.D. 434.**

Where judge found good cause to set aside default against two defendants, there was no error in setting aside default in absence of abuse of discretion. ***Curry v. Jensen,* C.A.9 (Cal.) 1975, 523 F.2d 387**.

Defaults are not favored by the law; any doubt should be resolved in favor of setting aside default so that determination may be made on merits of case. ***S.E.C. v. Vogel,* S.D.N.Y. 1969, 49 F.R.D. 297**.

Because federal courts favor trials on the merits, any doubts are to be resolved in favor of setting aside a default judgment. ***Simmons v. Ohio Civil Service Emp. Assoc.,* S.D.Ohio 2003, 259 F.Supp.2d 677**.

Attorney fees may not be awarded upon entry of default judgment without hearing to determine the amount. ***Hunt v. Inter-Globe Energy, Inc.,* C.A.10 (Okla.) 1985, 770 F.2d 145**.

## CONCLUSION

Defendant requests that no judgment be entered, that the parties be allowed to discuss and enter into a stipulation as originally contemplated or that Defendant be allowed to defend the claims on the basis that the contracts relied upon are no longer effective legally. If the court is unwilling to allow for these solutions, then defendant requests that any judgment not include liquidated damages or interest as proposed by Plaintiff and that the amount of the judgment be reduced by the amount paid and accepted by Plaintiff.

Dated: July 25, 2008

*Connie Schellenger*
*[signature]*
———————————————
Alex and Connie Schellenger for
CR SCHELLENGER HVAC INC

## PROOF OF SERVICE

I am over the age of 18 years and not a party to the within action. My address is

11 terrace Drive, Calistoga California 94515

On July 28, 2008 I served the attached:

**Memorandum of Points and Authorities in Opposition to Motion for Default Judgment**

on the parties in this action as follows:

Michael Carroll, Esquire
Erskine & Tully
220 Montgomery Street Suite 303
San Francisco, California 94104


by placing a copy of the above-described document in a sealed envelope, with postage thereon fully prepaid, addressed to such parties as set forth above, and placed said envelope in the United States mail at Calistoga, California.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Calistoga, California on July 28 2008

_Connie Rix Shellberg_ (signature)